TRUMAN MOSS, WILDMAN MILLS ET AL. v. TRUMAN E. CUMMINGS.

*Taxation—Assessment on false valuation.*

|  |  |
|---|---|
| 44 | 359 |
| 110 | 132 |
| 44 | 359 |
| 151 | ¹159 |
| 44 | 359 |
| 156 | 159 |

Failure to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was also involved a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its non-performance.

The failure to list property for taxation in accordance with law cannot constitute a wrong to an individual unless he can show that his individual assessments are thereby made a larger proportion of the aggregate taxable property than they should have been.   The collection of the tax levy may be restrained in such a case so far as it is excessive.

The wrong involved in an assessment of taxes by a supervisor on a false valuation is a public wrong and should be redressed by public prosecution.

Action lies to recover back moneys paid under tax proceedings that on their face are fatally defective.

A tax assessment is in the nature of a judgment, and cannot be assailed for fraud or irregularity in a suit against an officer who enforces it under process which on its face is valid.

*It seems* that an individual taxpayer has no right of action against a supervisor for assessing property on a false valuation except on the ground of fraud or malice.

Error to Sanilac.    Submitted June 16.    Decided October 13.

ASSUMPSIT.    Plaintiffs bring error.    Affirmed.

*Brown & Farrand* and *C. A. Kent* for plaintiffs in error.

*John Divine* for defendant in error.

COOLEY, J.    This in its purpose is a praiseworthy suit, for it is brought to compel obedience by public officers to their duty under the law.    The plaintiffs in the year 1878 were owners as partners of taxable property in the township of Lexington in the county of Sanilac, and the supervisor for the year listed it for taxation, and it was taxed.    The defendant was township treasurer, and plaintiffs have paid the tax to him under the compulsion of his process, and now seek to recover it back as an illegal exaction.    The ground of illegality is, that the supervisor, instead of assessing the property of the township at its true cash value, as the law and his official oath required, assessed the real estate at only one-third its cash value, and the personal estate at only one-half its cash value, and that he failed altogether to assess much personal estate that should have been brought into this list.    The circuit court refused to permit evidence of these facts to be given, and the suit failed.

It was conceded by the plaintiffs that the tax proceedings for the year were regular upon their face.    The supervisor under the sanction of his oath made his certificate, stating in due form that he had assessed all the property at its true cash value, and that the assessment roll contained a true statement of the aggregate valuation of the personal estate of each and every person named in the roll.    If he purposely did something different, and disobeyed the law after having taken an official oath faithfully to perform his duty under it, he has not only shown himself regardless of the obligations of an oath, but he has been guilty of a public offense.    Whether he has been guilty of such a wrong to these plaintiffs as gives them a right of action is another question.    The failure to

perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its non-performance. And in no case, we apprehend, could the failure to list property for taxation in accordance with the law constitute a wrong to an individual unless he could show that his individual assessments were thereby made a larger proportion of the aggregate taxable property than they should have been. We have held that the collection of the tax levy might be restrained in such a case, so far, at least, as it was excessive. *Merrill v. Humphrey* 24 Mich. 170.

It would be out of place for us to intimate what remedy we might think the taxpayer might have against the supervisor—*First*, because every case must stand upon its own peculiar facts; *second*, because a case against the supervisor is not now before us; and *third*, because the wrong primarily is a public wrong, and ought to be redressed in a public prosecution. It may be said and is said that the public remedy is worthless, because the local communities sympathize with the habitual disobedience of law, and convictions are impossible, and also because no sufficient penalties are prescribed; but such difficulties, if they exist, cannot give new rights of action. If these ought to be created, the legislature must create them.

If tax proceedings on their face are fatally defective, a suit will lie to recover back money paid under them. *Smith v. Nat. Bank* 17 Mich. 479; *Grand Rapids v. Blakely* 40 Mich. 367; *Wattles v. Lapeer* 40 Mich. 624. But a tax assessment is in the nature of a judgment, and the authorities are numerous that it cannot be assailed for fraud or irregularity in a suit against an officer who holds process fair on its face for enforcing a tax based upon it. *Holden v. Eaton* 8 Pick. 436; *Lincoln v. Worcester* 8 Cush. 55; *Cheever v. Merritt* 5 Allen 563; *Hubbard v. Garfield* 102 Mass. 72; *Savacool v. Boughton* 5 Wend. 171; *Nowell v. Tripp* 61 Me. 426; *Cunningham v. Mitchell* 67 Penn. St. 78; *Greene v. Mumford* 4 R. I. 313; *Glasgow v. Rowse* 43

Mo. 479 ; *Erskine v. Hohnbach* 14 Wall. 613 ; *Bird v. Perkins* 33 Mich. 28. There are numerous decisions which extend a like immunity to the assessing officer, and which do not suffer his assessment, when regular on its face, to be impeached in a suit against him, and there are none, so far as we are aware, which support an action at the suit of an individual except on the ground of fraud or malice.

There is in our minds no room for question that the judgment under review was legally correct, and it must be affirmed with costs.

The other Justices concurred.