STATE OF MINNESOTA v. SAMUEL R. THAYER and Another.[1]

June 30, 1897.

Nos. 10,466—(51).

**Taxation—Assessment at One-Third of Value.**

> The defendants owned lots in the city of Little Falls, Morrison county, Minnesota, which were assessed and taxed upon a basis of equality and uniformity with other real property in said city, the whole thereof being assessed and taxed at one-third of its cash valuation. *Held*, that as defendants were charged with only their just proportion of the taxes, compared with valuations generally on the same assessment roll, they had no right, as taxpayers, to defend against proceedings to enforce payment of such taxes, as they were not injured, and therefore had no right to complain.

[1] Reported in 71 N. W. 931.

**Same—Agreement to Refund Tax.**

Conceding that a municipal corporation cannot legally contract with private parties to refund the amount of taxes which their property is assessed and taxed, yet, if all property is assessed its just proportion, such contract does not render the taxation invalid, even if the agreement to refund is void.

**Same—Evidence.**

Evidence considered, and *held* sufficient to sustain the findings of fact of the trial court.

Case certified from district court for Morrison county, Searle, J., at the request of defendants, in proceedings to enforce payment of delinquent real-estate taxes, wherein the court had ordered judgment for the state. Affirmed.

*Lindbergh, Blanchard & Lindbergh* and *Davis, Kellogg & Severance,* for defendants.

Section 3 of article 9 of the constitution provides that laws shall be passed taxing all real or personal property according to its true value in money. An assessment of property at one-third of its cash valuation is absolutely illegal and void, and no valid tax can be founded upon it. Hersey v. Board, 37 Wis. 75; Schettler v. City, 43 Wis. 48; Salscheider v. City, 45 Wis. 519; State v. District, 29 Minn. 62; County v. Batchelder, 47 Minn. 512; Henry v. Town, 15 Vt. 460; Chicago v. Cole, 75 Ill. 591; California v. Gowen, 48 Fed. 771; Merrill v. Humphrey, 24 Mich. 170; Wattles v. Lapeer, 40 Mich. 624; Clark v. Crane, 5 Mich. 851; Auditor v. Jenkinson, 90 Mich. 523; Walsh v. King, 74 Mich. 350; Marsh v. Board, 42 Wis. 502; State v. Board, 27 Minn. 442.

The exemption of the property of the Little Falls Water-Power Company from taxation rendered the assessment void, and such assessment cannot be the foundation of a tax. Weeks v. City, 10 Wis. 242; Hersey v. Board, supra; Smith v. Smith, 19 Wis. 615; Kneeland v. City, 15 Wis. 454; McTwiggan v. Hunter, 18 R. I. 776; State v. Board, supra.

*Frank Lyon,* County Attorney, and *David T. Calhoun,* for the State.

If the assessment of property at one-third of its cash valuation renders the assessment and tax invalid, then the court will take

judicial notice that there has probably not been a valid assessment made in the state of Minnesota since it was organized. A taxpayer cannot complain of such a valuation unless he is in some way injured. Cummings v. National, 101 U. S. 153; People v. Carter, 109 N. Y. 576; People v. Badgley, 138 N. Y. 314.

BUCK, J.

This case and certain questions are certified by the trial judge to this court for its decision at the request of the defendants.

The proceedings were taken to enforce the payment of taxes on real estate remaining delinquent on the first Monday in January, 1895, for the county of Morrison and state of Minnesota. The defendants answered, and alleged that a large number of pieces of land owned by them were situate in the city of Little Falls, on the west side of the Mississippi river, which runs through that place, and were partially, unfairly, and unequally assessed by the assessor, as against other pieces of property situate on the east side of said river in said city, and that the board of equalization of said city, in revising said assessment, arbitrarily and unjustly, and with intent to value, assess, and tax the defendants unequally, and to a greater amount than the property on the east side of the river, raised and increased the assessed valuation of the property of defendants, but did not, except in isolated instances, raise or increase the valuation upon the property on the east side of the river, and that the valuation of the property of defendants thus made by said board of equalization was two-thirds in excess of the valuation upon the property on the east side of said river, and so permitted to stand.

Counsel for the respective parties agreed that the first question certified should read and be construed as one raising the point as to whether there was sufficient evidence to support the finding of the trial court that the property of the defendants was not unequally assessed with the property on the other side of the river. Without entering into an analysis of the evidence, we are of the opinion that this question should be answered in the negative, and we so answer it.

The next question certified is, did the court err in excluding evidence as to the contract with the Little Falls Water-Power Company, offered for the purpose of showing that property adjoining .

that of defendants was entirely relieved from taxation? We answer this in the negative. The evidence offered tended to show that prior to such assessment and taxation the city of Little Falls had entered into a contract with the Little Falls Water-Power Company that the former would pay to the latter, in addition to all other bonds and obligations, a sum of money equal to all the aggregate of taxes, except state taxes, assessed and levied during the year preceding January 1, 1895, against the Little Falls Water-Power Company, upon lands used in the development of said water power, and against all plants and manufactories which should thereafter be located upon the property then owned by said company, and which it should use during five years exclusively for manufacturing purposes, and upon the company further binding itself to furnish to said city for 25 years from and after March, 1889, water power for water and fire purposes. The same parties also made another contract, of substantially the same character, for the purpose of encouraging the water-power company to build a dam across the Mississippi river in said city, and furnishing a certain amount of water for said city.

It does not appear from the contracts or other evidence that the water-power company was to be relieved from assessment and taxation, but that after such assessment and taxation the city was to pay an equal amount back to the company. But its property was taxed in the regular way. It was not exempted from taxation, as it could not be legally. The taxation, then, was legal. The illegality on the part of the city consisted in refunding or paying to the water-power company the taxes assessed against it. But paying an illegal debt by the city did not authorize the defendants to refuse to pay their taxes. The remedy was by injunction to restrain the city from making such an illegal payment out of its general fund. It would be a novel application of law to hold that a taxpayer could refuse to pay his taxes because the city had or was about to misappropriate its funds. We therefore answer the third question in the negative.

The fourth question is, did the court err in refusing to admit in evidence the tax list and assessment roll for the year 1890, showing that this property at that time—much of it—was assessed for 10 or 15 times less than it was in 1892? We think that this assessment

roll was not competent evidence for the purpose for which it was offered. The assessment in question is the one for 1892. Notwithstanding the doubt which seems to exist about its exclusion, we assume that it was so excluded. The question certified only relates to this particular property in question, and the offer was to show that its assessment was less than in 1892. But the evidence shows quite conclusively that it was assessed in 1892 for only one-third of its actual value, so that the exclusion of the assessment roll, if error, was error without prejudice.

The fifth and sixth questions we answer in the affirmative, but, as bearing upon them, we take up the most important question in the case, viz. that raised by the fourteenth assignment of error, as follows: That the court erred in holding that the assessment was not void by reason of the fact, stated by the members of the board of equalization, that they fixed a value upon the property in said city of Little Falls, including the property of defendants, and then assessed it at one-third of such amount. This assignment assumes —and the assumption is undoubtedly sustained by the evidence— that the entire property in the city of Little Falls was assessed at one-third of its actual value. If so, the property was assessed upon the basis of equality and uniformity, if not upon a full cash valuation. Perhaps, in the coming time, when the people make a full, true, and correct return of all their property, and its actual cash value, assessing officers will then have a more careful regard for their official obligations, and assess property upon a constitutional, cash valuation. But why should the defendants have a right to complain when their property is taxed at only one-third its cash value, equally and uniformly with all other property in the same jurisdiction? A certain fixed amount of tax was necessary to carry on the functions of the government, and all property was assessed upon the basis of equality and uniformity, and upon a cash valuation sufficiently large to raise the requisite tax, and no more; hence no injury resulted to the defendants, whether the valuation was one-third, or the full value. If the valuation is less, the per cent. of taxation is larger, and, if more, the per cent. is less, because the aggregate amount of tax to be raised and paid is the same. Hence an assessment upon the basis of one-third valuation, if equal and

uniform upon all the property throughout the whole jurisdiction, is not partially, unfairly, and unequally assessed, even if such assessment is not in accordance with the constitutional requisite based upon a cash valuation.

The defendants cannot complain unless they are in some way injured. We do not wish to be understood as holding that there is no way to compel assessing officers to perform their duty in assessing property according to its full cash valuation, but the remedy is not in a proceeding of this kind. The defendants are only bearing their just share of the burdens of taxation, and of this they ought not to complain. They are simply required to pay the same per cent. of taxation on their property as all other owners of real property in the territory. to which it applies, and this is neither inequality nor injustice. The correct rule is that laid down in Cooley, Taxn. (2d Ed.) p. 410, viz. that

"in no proceeding is one to be heard who complains of a valuation which, however erroneous it may be, charges him only with a just proportion of the tax. If his own assessment is not out of proportion as compared with valuations generally on the same roll, it is immaterial that some one neighbor is assessed too little and another too much."

In the case at bar the defendants' taxation was not out of proportion, compared with all other property subject to taxation in the city. A disregard of the constitutional and statutory method of assessment by the assessing officers in fixing the assessment at one-third the cash valuation of the property was doubtless a public wrong, but not a private one against the defendants for which they have a right to any relief in this proceeding. See Moss v. Cummings, 44 Mich. 359, 6 N. W. 843; People v. Badgley, 138 N. Y. 314, 33 N. E. 1076.

The decisions cited by appellants' counsel, made by the supreme court of the state of Wisconsin, are apparently in conflict with the rule laid down by Judge Cooley; but we do not think the reasoning in those cases sound, and hence we do not follow them.

Upon the questions certified, the findings and rulings of the trial judge were correct, and his decision is therefore affirmed.