## STANLEY A. CASSIDY v. MARY E. SOUSTER and Another.[1]

July 14, 1911.

Nos. 17,117—(206).

**Impression of seal — finding sustained by evidence.**

    The conclusion of the trial court to the effect that an indistinct im-

[1] Reported in 132 N. W. 292.

pression of a seal attached to an affidavit immediately to the left of the jurat was the impression of the seal of the notary public before whom the affidavit was made, and who signed the same as notary, *held* sustained by the record.

### Local assessment — notice of sale.

Notice of sale in local assessment proceedings pursuant to a judgment of confirmation *held* a sufficient compliance with the provisions of the charter of the city of St. Paul under which the proceedings were had.

### Charter of St. Paul — sale for local assessment.

Section 138, St. Paul City Charter 1893, requiring the city treasurer, after completing a sale of property in local assessment proceedings, to attach to the certified copy of the judgment directing the sale a copy of the advertisement and notice of sale, *held* not designed or intended for the benefit or protection of the property owner, and a failure of the treasurer to comply therewith not fatal to the validity of the sale.

Action in the district court for Ramsey county to determine adverse claims to a certain vacant city lot. Defendant Souster was personally served but did not appear or answer. Defendant Brodie claimed a lien by virtue of certain local improvement certificates of sale. The case was tried before Kelly, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to judgment and that he was the owner in fee simple of all the land, subject to a lien on so much thereof as was covered by local improvement certificate of sale numbered B 1,473, owned and held by defendant Brodie; that defendant Brodie was entitled to judgment and had a valid lien on all that part of the lot lying easterly of Fairview street, in the sum of $370.65, that plaintiff was entitled to judgment against defendant Brodie, that she take nothing by virtue of local improvement certificates numbered B 10,780, D 1,790, D 3,899 and E 1,519 described in her answer. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.

*James Schoonmaker,* for respondent.

BROWN, J.

Local improvement proceedings were duly commenced under and pursuant to provisions of the charter of the city of St. Paul for the grading and improvement of a certain street therein, namely Fairview street, between Fifteenth street and Pennsylvania avenue, culminating, on March 28, 1891, in a judgment of the district court of Ramsey county confirming an assessment of benefited property and directing a sale thereof if the assessments were not paid. A certified copy of the judgment and order was duly transmitted to the city treasurer, as required by the city charter, and that official duly gave notice of a sale of the property assessed, to take place at the time and place designated in the notice. The property involved in this action was included in the assessment and the judgment of confirmation, and was sold on the day of the sale to the Merchants National Bank. A certificate of sale in due form was issued as provided for by law, which the bank subsequently assigned to defendant herein. Title under the sale was never perfected. Plaintiff is the owner of the fee, and brought this action to determine the adverse claims of defendants thereto. Defendant interposed in defense a claim of lien upon the property by virtue of the sale and certificate. The trial court held that the judgment and sale thereunder were in all things valid, and that defendant possessed a valid lien upon the property by virtue thereof. Judgment was ordered accordingly. Plaintiff appealed from an order denying a new trial.

It is contended that the court below erred in holding that defendant had a valid lien under the sale for the reasons: (1) That the judgment is void upon its face; (2) that the sale thereunder was void, because certain provisions of the city charter regulating the proceedings were not complied with; and (3) that the notice of sale was insufficient.

1. The first and last points do not require extended mention. The only objection raised to the validity of the judgment is that no notarial seal was affixed to the affidavit of the printer of the publication of the notice of application for judgment. The original affidavit was produced for inspection, and appears in all things regu-

115 M.—13.

lar, and purports to have been sworn to before Herbert P. Porter, a notary public. To the left of the signature of the notary, upon the same paper, appears a faint impression of the form of a seal, but so faint and indistinct that it cannot with positiveness be said to be the seal of a notary public. The trial judge, however, in reaching the conclusion stated, in effect found that it was the impression of a notarial seal, and we are satisfied with that finding. The document is twenty years old, and the lapse of time may to some extent have effaced the impression originally made.

Notaries are required to authenticate their signature by an official seal, and it is a legitimate and permissible inference that the impression made upon this affidavit was made by him in this instance for that purpose. The affidavit bears the signature of no other officer, and we would not be justified in assuming that possibly the seal was that of some official other than the notary. We discover no fatal defect in the treasurer's notice of sale.

2. Plaintiff's principal contention is that the treasurer's sale under the judgment was void because of the failure to comply with certain provisions of the city charter in reference thereto. The charter upon the subject of local improvements and the enforcement of assessments therefor adopts in a general way the procedure and plan of the general statutes of the state in respect to the levy and enforcement of taxes upon real property. The assessment is made, and those not paid are reported to the court in connection with an application for judgment against delinquents, after which a certified copy of the judgment is transmitted to the treasurer, upon which a sale of the property is made, subject to the right of redemption.

Section 138 (45) of the charter, edition of 1893, in respect to the duties of the treasurer in making a sale under the judgment, provides: "The city treasurer shall enter and extend upon the certified copy of judgment and order of sale issued to him by the clerk of the district court, the interest, costs, and expenses to be charged against each lot or description, as provided by law, the amount of sale, to whom sold, or, if struck off to the city, to whom transferred afterwards, with the amount of the transfer, and attach thereto a

copy of the advertisement pertaining to the sale. The city treasurer shall keep this record on file in his office. Certified copies thereof may be furnished when desired."

It appears from the record that the treasurer did not comply with the requirements of the law; that is, he did not attach to the copy of the judgment the "advertisement pertaining to the sale," nor did he note thereon opposite the separate tracts of land in all instances the name of the person to whom the sale was made, though he did enter the items of interest, costs, and amount of sale, and all proper entries were made as to this property. Plaintiff contends that the failure to attach a copy of the advertisement to the judgment invalidated the sale. In this we do not concur.

In proceedings for the enforcement of taxes or special assessments under the laws of this state, though in a broad sense continuous proceedings from the levy of the tax or making the assessment to the expiration of the period of redemption, there are three distinct stages or divisions, each of which in a measure is independent and controlled by statutes particularly applicable thereto. These divisions are: (1) The levy of the taxes or assessments and all steps leading to and including the entry of judgment for unpaid or delinquent taxes; (2) the proceedings after judgment for the purposes of and including a sale of the property; and (3) proceedings subsequent to the sale for the purpose of terminating the right of redemption.

The statutory requirement of things to be done, notices given, or steps taken, in reference to each division, must, generally speaking, be substantially, and in some respects strictly, complied with, or invalidity will follow. Invalidity, however, does not follow every defect. Those requirements which are classed as directory, and in a measure mere details, do not so result. The rule of strict compliance applies to those things which are required for the benefit and protection of the property owner, those which are necessary to vest in the court jurisdiction of the proceeding, and those which are essential to the authority to sell the property for the delinquent tax. Requirements of this character are mandatory, and a failure of

compliance is fatal to the validity of the proceeding or particular division thereof in which a failure appears.

The provisions of the charter here involved in our opinion do not come within the class of those held by the court as mandatory, at least not as an act required to be done preceding the sale, and upon which the right to sell the property is made to depend, or for the benefit or protection of the property owner. The purpose was to provide a completed record of the proceedings of sale, to be made up after, and not before, the sale, and as a guide in the matter of redemption or subsequent refundment. The sale here in question was in all things regular, and the failure subsequently to make up the record by attaching a copy of the advertisement cannot well be held to render it void; for in all other respects, as to the land here in question, the provisions of the charter were fully complied with.

We therefore hold that the charter requirement in this respect, attaching to the judgment the advertisement of sale, was not designed for the protection of the rights of the property owner, nor as a condition precedent to the validity of a sale otherwise properly and regularly made, and is not mandatory. Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319; Kipp v. Collins, 33 Minn. 394, 23 N. W. 554.

The case of Mulvey v. Tozer, 40 Minn. 384, 42 N. W. 387, is not in point. The statute before the court in that case required certain entries of a sale to be made after the sale, which were not made. The entries so required were in point of substance the same as those required by the charter in the case at bar, namely, the amount of the sale and the name of the purchaser. These entries were made in the case at bar as to the land in question. The only defect here complained of was the failure to attach the advertisement of sale to the copy of the judgment. This failure in no way, substantially or otherwise, prejudiced the property owner in the protection of any of his rights.

Order affirmed.