## STATE v. MINNESOTA & ONTARIO POWER COMPANY.[1]

### May 23, 1913.

### Nos. 17,951—(4).

**Reassessment by tax commission valid.**
1. A reassessment of certain property made by the state tax commission pursuant to Laws 1909, c. 294, sustained as against certain objections going to the regularity and sufficiency of the proceedings culminating in the same.

**Notice of appeal.**
2. Notice of appeal from such reassessment *held* sufficient.

**Statutes constitutional.**
3. Laws 1907, c. 408, creating the state tax commission, and Laws 1909, c. 294, relating to the procedure looking to reassessments of property thereby, *held* valid as against certain constitutional objections.

**Jurisdiction of district court — procedure.**
4. Where an appeal from a reassessment made by the state tax commission was taken under Laws 1909, c. 294, § 3, by the filing of the prescribed notice of appeal with the county auditor, but the latter failed to certify, with the copy of such notice, a copy of the reassessment appealed from to the clerk of the district court as provided by the statute, the only jurisdiction acquired by such court was to order such copy to be filed or else to dismiss the appeal, but upon compliance with the former, it should determine the appeal on the merits, notwithstanding the entry of a judgment, regular in form and as upon default, after the filing of the notice of appeal but before the trial in the same proceeding and based upon the reassessment.

The Minnesota & Ontario Power Company appealed to the district court for Koochiching county from a reassessment made by the Minnesota Tax Commission upon its property in International

[1] Reported in 141 N. W. 839.

Falls, in that county, under the provisions of Laws 1909, p. 343, c. 294, on numerous grounds, one of which was that the tax commission had no jurisdiction to make such reassessment and another of which was that the reassessment was not in fact made by the tax commission or by anyone having jurisdiction to make it. The appeal was heard before McClenahan, J., who made findings of fact and as conclusions of law found (1) that appellant was entitled to judgment that the tax commission did not make any reassessment of appellant's property in International Falls or vacate any assessment thereof made pursuant to law in Koochiching county in the year 1910; (2) that the appeal was sustained and judgment be entered against the state of Minnesota. From the judgment entered pursuant to the order for judgment, the state appealed. Reversed.

*Lyndon A. Smith,* Attorney General, *William J. Stevenson,* Assistant Attorney General, and *F. J. McPartlin,* County Attorney, for appellant.

*Harris Richardson, Walter Richardson,* and *C. J. Rockwood,* for respondent.

PHILIP E. BROWN, J.

This is an appeal by the state from a judgment entered sustaining the appeal of the Minnesota & Ontario Power Company, in proceedings before the state tax commission wherein a reassessment of the company's property in Koochiching county for the year 1910 was attempted.

The facts are undisputed, and we will here state them sufficiently to indicate the nature of the controversy, leaving other facts and further particularity for later reference when necessary. The board of equalization of the county mentioned fixed the assessed valuation of the real and personal property for 1910. Thereafter, and on August 8, 1910, a verified complaint was filed with the state tax commission to the effect that the real and personal property of the company within the village of International Falls had been grossly undervalued by the county board of equalization as compared with like property in the county and state, so that the assessment for 1910 was grossly unfair and inequitable, the actual value of the

company's property being stated as $1,500,000, and the equalized assessment being only $390,000; wherefore a reassessment of such property was prayed in accordance with R. L. 1905, §§ 854, 858.

On August 23, 1910, the tax commission, acting upon this complaint, appointed one La Rue, a citizen of Ramsey county, special assessor of the village, and authorized and directed him to make a full and fair reassessment of all the real estate and certain specified personalty subject to taxation in said assessment district, and to make return thereof. On August 25, the special assessor filed his oath of office and thereafter made return of the assessment as directed, including as one item thereof the real property of the company here involved and showing an increase in the valuation of the same to the amount of $320,000 over the former total valuation as stated in the complaint. On October 26 the tax commission equalized this assessment and adopted a resolution fixing the value of the company's real property, so far as here involved, at $690,000, and thereafter filed with the county auditor the assessment as equalized, and on November 26, 1910, the company filed a notice of appeal, a certified copy of which was thereupon filed in the office of the clerk of court.

The appeal was tried by the court, and, at the conclusion of the testimony, the state moved for judgment fixing the valuation at the amount equalized by the state tax commission. The court denied this motion and filed findings in favor of the company, sustaining its appeal and declaring that the state tax commission did not, in the year 1910, make any reassessment of the company's property. Judgment was entered accordingly, and this appeal followed. The company claimed (1) that the acts creating the tax commission and defining its powers are unconstitutional; (2) that the reassessment was void for irregularities in procedure.

1. For convenience and, perhaps, in violation of logical order, we will first take up the more important questions raised as to the regularity of the proceedings resulting in the alleged reassessment; for the statutory mode of accomplishing such result is the main subject of the company's attack. So also, in connection with the discussion, it will clear the way, if we first ascertain generally what

defects in tax proceedings are considered to be irregularities as involving merely directory provisions, as distinguished from objections based upon mandatory provisions. It will be found that the necessity of observing this distinction runs through the entire case as it was presented to the trial court, not only in connection with points made by the company, but also as bearing upon the state's objection to the sufficiency of the notice of appeal to the district court, to which we will later advert.

So far as regards the necessity of technical observance and the effect of irregularities therein, there is a well-defined distinction between statutory provisions concerning the steps to be taken in determining the amount of a tax assessment and those relating to the subsequent entry of judgment and the divesting of property rights thereunder. See R. L. 1905, § 914. Said Mr. Justice Jaggard, in State v. Cudahy Packing Co. 103 Minn. 419, 422, 115 N. W. 645.

"The statutory provisions which are intended to guide the conduct of officers in the transaction of public business, so as to insure the orderly and prompt performance of public duties, and which pertain merely to the system and dispatch of proceedings, are construed as directory. The provisions which affect the subsequent collection of the tax, and which are intended for the protection of the citizen by preventing the sacrifice of his property, and by the disregard of which his rights might be affected, are construed as mandatory."

Our reports are replete with like statements and applications of the rule. See Corbet v. Town of Rocksbury, 94 Minn. 397, 103 N. W. 11; State v. Backus-Brooks Co. 102 Minn. 50, 112 N. W. ,863; Cassidy v. Souster, 115 Minn. 191, 132 N. W. 292. Statutes designed to add property to the tax rolls are held to be remedial and hence to be liberally construed. State v. Eberhard, 90 Minn. 120, 123, 95 N. W. 1115.

Taking up now the company's main objection to the proceedings which culminated in the reassessment, in order:

a. The statute, Laws 1909, p. 344, c. 294, § 2, relating to reassessments, provides:

"Whenever it shall be made to appear to the Minnesota tax com-

mission by verified complaint or by the finding of a court or of the legislature or either body of the same, or any committee thereof, that any considerable amount of property has been improperly omitted from the tax list or assessment roll of any district or county for any year, or, if assessed, that the same has been undervalued or overvalued * * * so that the assessment * * * is grossly unfair * * * the said commission shall examine into the facts * * * and if satisfied therefrom that it would be for the best interests of the state that a reassessment * * * be made, they shall appoint a special assessor * * * and cause a reassessment to be made of all or any of the real and personal property * * * in such district * * * as they may deem best."

The board acted under this statute in appointing the special assessor. The company claims that no such authority as that here exercised is granted in terms, urging that the words "by verified complaint" as they appear in the act, are limited by the words "of a court" and by the words "of the legislature or either body of the same, or any committee thereof," and hence that a complaint must be made by a court, the legislature, or a committee thereof. The construction suggested is impossible. It not only destroys the sense of the language used, but eliminates an important portion of the statute.

Objection is also made to the sufficiency of the complaint, which was the first of two that were filed and the one upon which the commission acted, on the ground that the interest of the complainants as residents and taxpayers is not alleged in such manner as to be covered by the verification. But the statute makes it the duty of the commission to examine into the facts, and this must be held to include a determination of the interest of the complainants. The commission would not be required to act if the complaint were made by nonresidents having no interest in our affairs. Nor is there any merit in the objection that the complainants merely "complain" of the facts set forth, and do not "allege" them. That portion of the complaint which refers to R. L. 1905, §§ 854, 858, is mere surplusage. We hold the complaint sufficient, and likewise the several resolutions of the commission appearing in the record, and also

the appointment of the special assessor and the designation of his duties.

b. The same section of the statute directs that the special assessor "shall prepare duplicate lists of such reassessment in such form as the commission may prescribe, showing the property or person so reassessed, the amount of the original assessment thereof made in such year, and opposite the same the reassessment so made by such special assessor."

The act further directs both copies of the list so made to be filed with the commission, who shall examine and equalize the reassessment, and transmit one copy to the auditor of the county interested, and that such list shall, for all purposes, supersede the original assessment, and makes it the duty of the auditor, upon receipt of the list, to extend and levy against the property reassessed the taxes according to the reassessment, precisely as if such list were the original assessment. The reassessment list sent to the auditor in this case did not, as to the property here involved, show the amount of the original assessment against such property for 1910, and the company urges that therefore the reassessment was, in any event, void. We cannot so hold. The provision referred to is clearly directory in this regard. No substantial ground can be found upon which a claim of prejudice could be predicated. The original list must have been one of the files in the auditor's office, and subject to the inspection of the company, and the complaint on file with the commission showed the amount of the same. There is no occasion for extended discussion of this point, though it constitutes the principal ground of the company's claim that the reassessment is invalid, so far as procedure is concerned; for R. L. 1905, § 800, reading, "No assessment of property for the purposes of taxation, and no general or special tax authorized by law, levied upon any property by any officer or board authorized to make and levy the same, shall be held invalid for want of any matter of form in any proceeding which does not affect the merits of the case, and which does not prejudice the rights of the party objecting thereto. All such assessments and levies shall be presumed to be legal until the contrary is affirmatively shown," is applicable and conclusive.

c. Section 5 of the statute [Laws 1909, p. 346] provides for notice by mail to the party whose assessment is to be raised, that it is the intention of the commission so to do, the same to be given before the raise is made. This, like other provisions concerning notice, *cannot* be construed as requiring literal compliance, when the party to whom the notice should be mailed appears before the commission and is heard, which we hold sufficiently appears in the case. On the evidence offered on the trial, the court should have held the reassessment valid.

2. By analogy to the disposition which we have made of the company's points upon procedure, and also under the liberal practice relating to the sufficiency of notice, we hold that the company's notice of appeal to the district court was sufficient.

3. As to the constitutional questions raised: The right of the legislature to delegate administrative functions to boards is now too well settled to be questioned. See 1 Dunnell, Minn. Digest, § 1600, where the cases involving exercise of this power are collected. Acting under this rule, the legislature, by Laws 1907, p. 576, c. 408, created a tax commission for the evident purpose of vesting in one body the general supervision of the administration of the tax laws, except as therein plainly omitted or specified. The salient features of the act are stated in State v. Minnesota Tax Commission, 103 Minn. 485, 487, 115 N. W. 647. Since the opinion in that case was written, some changes in and additions to the powers and duties of the commission and the manner of the performance thereof, have been made by Laws 1909, p. 343, c. 294, some of which we have already referred to. In order to round out the powers of the commission, the legislature, by Laws 1911, p. 465, c. 339, provided that it shall hear and determine all matters of grievance relating to taxation, and vested it with the right to grant reductions and abatements of assessed valuations and taxes, and to order refundments.

The several grounds of attack upon the constitutionality of the act referred to, aside from the power of the legislature to create the board, are: (1) That in the matter of the appointment of the special assessor, it violates Const. art. 11, § 4, declaring that provision be

made for the election of such county and township officers as may be necessary; (2) that, in the powers conferred upon the special assessor, it contravenes article 3, section 1, providing for the distribution of governmental functions among the three several departments of the government; (3) that it is contrary to article 9, section 1, concerning uniformity and equality in taxation, because a person may, thereunder, be singled out upon complaint of an uninterested complainant, and his property may be valued upon a different basis and in a different manner from others in the community; (4) that it permits a person to be deprived of his property without due process of law.

These contentions may be shortly disposed of. As to the first, it is sufficient to say that there is no constitutional inhibition against the appointment of a special assessor, and therefore the legislature has power to provide for the same. State v. City of Mankato, 117 Minn. 458, 136 N. W. 264, 41 L.R.A.(N.S.) 111. The answer to the second objection is, that the state has quite as great an interest in taxation proceedings, and especially in their avail, as has the county or a lesser division thereof, and that the duty and office of the special assessor is merely to make a report upon which the commission is to act. We have already disposed of the third ground of attack in dealing with the status of the complainants, at least so far as the right of disinterested persons to invoke a reassessment is concerned, and, as to the other phase of the objection, it cannot be said that the statute does not operate equally upon all of a class. The fourth ground is disposed of by the holding in State v. Weyerhauser, 68 Minn. 353, 71 N. W. 265, which is also in point upon many other contentions made by the company, where, at page 362, the court quoted the language of the United States Supreme Court in affirming one of the decisions of this court, as follows:

"A law authorizing the imposition of a tax or assessment upon property according to its value does not infringe that provision of the fourteenth amendment to the constitution, which declares no state shall deprive any person of property without due process of law, if the owner has an opportunity to question the validity or

the amount of it either before that amount is determined or in sub-
sequent proceedings for its collection."

Sections 3 and 5 of the act expressly provide for notice of and
hearing upon proceedings to raise assessed valuations, and confer
upon the property owner the right of appeal from the reassessment.

We find nothing in the titles of the several acts referred to, war-
ranting a conclusion that they are insufficient.

4. The appeal to the district court was not brought on for trial
until July 5, 1912, more than a year and a half after it was taken,
and it then appeared that nothing had theretofore been filed with
the clerk of the court except a certified copy of the company's notice
of appeal. During the trial, the court permitted the filing of a
certified copy of the particular assessment appealed from. It ap-
peared, however, that on March 15, 1912, the clerk of the court
had entered a judgment, in due and usual form, as upon default,
based upon the reassessment. It is the contention of the state that
this judgment is conclusive of the questions involved on this appeal,
it having been entered before the appeal was perfected and the
validity of the reassessment being necessarily involved therein, and
that hence the court should have ordered a dismissal of the appeal
instead of making findings and ordering judgment for the company.
The latter contends that the court acquired jurisdiction of the ap-
peal upon the filing of the notice thereof, and that therefore its rights
were in no way affected by the failure of the auditor to perform his
duties in the premises concerning the certifying of a copy of the
reassessment to the clerk of the court as prescribed by Laws 1909,
p. 344, c. 294, § 3, and further that, as the appeal was taken in the
same proceedings in which the judgment was entered, it operated
as a stay and thus precluded the entry of any judgment whereby its
rights could be prejudiced or cut off.

The statute conferring the right of appeal here invoked reads
as follows:

"Any person feeling himself aggrieved by an assessment so made
against him or upon any property at that time owned by him may
appeal therefrom to the district court of the county in which such
assessment is made. To render such appeal effective for any pur-

pose, the appellant shall file a notice of such appeal with the county auditor of such county within thirty days after the making of such assessment, which notice shall specify the ground upon which such appeal was taken and no other or different service shall be required to perfect such appeal. Upon the filing of such notice the county auditor shall make and file in the office of the clerk of such district court a certified copy of such notice and of the particular assessment appealed from, and shall also notify the county attorney of such county of the pendency of such appeal. Thereupon the said district court shall be deemed to have acquired jurisdiction of such matter and shall proceed to hear and determine same in like manner as other tax matters are tried and determined in the district courts of this state. The county attorney of said county shall appear for and defend the interests of the state in such matter."

The company's right of appeal existed solely by virtue of this statute, and the rights and status of the parties thereunder must be measured by its terms, considering the statute as a whole. Said Mr. Chief Justice Start, in J. T. McMillan Co. v. State Board of Health, 110 Minn. 145, 150, 124 N. W. 828:

"The right of appeal is neither a natural nor a constitutional right, but a statutory one, which the legislature may give or not in its discretion, and if it gives the right it may do so upon such conditions as it deems proper."

It must be conceded, as contended by the company, that it complied with all the conditions imposed by the statute upon an appellant, when it filed the notice of appeal, and that thereafter the auditor should have certified it, together with a copy of the reassessment, to the clerk of the court, without further act on its part. It is clear that, when the certified copy of the notice of appeal was filed with the clerk, the court acquired jurisdiction for the purpose of dismissal or requiring a return, and also upon the performance of the latter, to proceed and determine the appeal on the merits.

A majority of the court hold that the appeal should be determined on the merits without regard to the judgment, it really having been entered in the same proceeding, except that, if the company prevail, it should be modified accordingly.

Mr. Justice Holt and the writer are of the opinion that the judgment standing unimpeached included the subject matter of the appeal, and hence left nothing for the court's determination therein save moot questions. We think the court should have ordered a dismissal of the appeal or judgment for the state.

Judgment reversed.