IN RE PETITION FOR DETERMINATION OF OBJECTIONS
TO REAL ESTATE TAXES FOR YEAR 1952.
A. B. LINDAHL v. STATE.[1]

May 13, 1955.

No. 36,447.

[1]Reported in 70 N. W. (2d) 866.

Theodor Herman, for appellant.

Michael J. Dillon, County Attorney, Edward J. Shannon, Assistant County Attorney, for respondent.

MATSON, JUSTICE.

In an action under the provisions of M. S. A. c. 278 for the review of the validity of an assessment of real estate against his property, petitioner appeals from a judgment in favor of the state.

Petitioner owns a lot and house in Pheasant Lawn Addition, Orono township, Hennepin county, Minnesota. As of May 1, 1952, the local assessor assessed this property at a total true and full value of $9,000. On August 18, 1952, the county board of equaliza-

tion adopted a resolution increasing the assessed valuation on real property within said township and county; as a result, petitioner's property was raised to a total true and full value of $13,500. Subsequently on November 18, 1952, the state commissioner of taxation (hereinafter called the commissioner) ordered the property in Orono township reassessed and by such order appointed a special assessor to make the reassessment. Such reassessment was completed in January 1953, and on February 20, 1953, the commissioner made a written order certifying it as the official assessment of real property in Orono township to supersede the orignal 1952 assessment. Under the reassessment, the valuation of the petitioner's property for taxation purposes was listed at a true and full value of $15,560. Petitioner, alleging that he had been aggrieved, pursuant to c. 278 appealed from the assessment to the district court.

In the district court the special assessor, appointed by the commissioner, testified that in arriving at the true and full value of each of the properties reassessed in Orono township, he, and his assistants, first determined the true and fair market value[2] of each property and then divided that figure by three. The resulting figure of $15,560 was then entered on the tax rolls as the true and full valuation of the property and the sum of $5,624 as the assessed valuation. The testimony indicated that throughout the taxing district all other parcels of real property for taxing purposes were assessed in the same manner and that their true and full value was likewise computed at one-third of their market value.

The trial court found that the reassessment proceedings were maintained under § 270.11, subd. 3; that the property of the petitioner was given a full and true valuation of $15,560, a homestead and nonagricultural classification, and an assessed valuation of $5,624; that the reassessed valuation of $5,624 was not in excess of the real true and full value of the property; and that said property

---

[2] In computing the market value the assessor considered the following factors: (1) Comparison of the property under consideration with the average sale's price of similar property, (2) the size and shape of the lot, and (3) the intrinsic value of the property.

was not unfairly and unequally assessed, nor was the reassessment illegal, void, or contrary to law.

Judgment was entered affirming the reassessment and awarding the state the unpaid amount of the 1952 taxes and declaring said amount to be a lien on petitioner's property. This appeal is from said judgment.

Contrary to the state's contention that the Orono reassessment was made under § 270.11, subd. 3, petitioner asserts that the reassessment was in fact instituted and made pursuant to § 270.16, and that since certain conditions precedent prescribed by § 270.16 were ignored, the reassessment is invalid. In proof of his assertion, petitioner calls attention to testimony indicating that the state intended to charge the cost of the reassessment to the taxing district—a practice which is authorized by § 270.18. He also points to several statements in the documents containing the authorization for the reassessment which seem indicative of the procedures defined in § 270.16.

Petitioner further contends that, even if the reassessment was made under § 270.11, subd. 3, the tax is nevertheless illegal for two specific reasons: First, because the assessment is invalid since the controlling statutory provisions (§§ 273.11 and 272.03, subd. 8) do not authorize the computation of the true and full value at one-third of the fair market value, and second, because the petitioner received no notice of the increase in assessment as required by § 270.11, subd. 6.

■ The trial court's finding that the reassessment was made under § 270.11, subd. 3, is reasonably sustained by the evidence as a whole. A trial court's findings of fact in tax proceedings, like those in ordinary civil actions, must be sustained upon review[3] unless they are clearly erroneous[4] in the sense that they are not reasonably supported by the evidence as a whole.[5] We have herein only the testi-

[3]State v. South St. Paul Syndicate, 140 Minn. 359, 168 N. W. 95.
[4]Rule 52.01 of Rules of Civil Procedure.
[5]State, by Burnquist, v. Bollenbach, 241 Minn. 103, 110, 63 N. W. (2d) 278, 283; 2 Youngquist & Blacik, Minnesota Rules Practice, p. 648; Wright, Minnesota Rules, p. 296.

mony of a deputy tax commissioner to the effect that the reassessment proceedings were in fact initiated under § 270.11, subd. 3. Although we have not overlooked the conflicting inferences that might reasonably be drawn from the circumstances surrounding the initiation of the reassessment, we can only conclude that the trial court's findings are reasonably sustained in the light of the evidence as a whole.

Since the trial court's finding that the reassessment was made under § 270.11, subd. 3, is sustained, it is unnecessary to consider whether the reassessment is invalid for failure to comply with alleged conditions precedent prescribed in § 270.16.

■ We next turn to petitioner's contention that the reassessment, even though made under § 270.11, subd. 3, is invalid since § 273.11 (as qualified by the definition in § 272.03, subd. 8) does not authorize the computation of the full and true value at one-third of the fair market value. Section 273.11 requires that all property shall be assessed at its true and full value in money and prohibits the adoption of a lower standard of valuation for tax purposes.[6] True and full value is defined by § 272.03, subd. 8, as the usual selling price which can be obtained at a private sale and not at forced or auction sale.[7]

In passing upon the foregoing question, we must first examine the principles which govern a proceeding brought by a property owner pursuant to c. 278 to test the validity of an assessment for tax purposes. Section 278.01, insofar as here pertinent, provides:

---

[6]§ 273.11. "All property shall be assessed at its true and full value in money. In determining such value, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion of value the price for which such property would sell at auction or at a forced sale, or in the aggregate with all the property in the town or district; but he shall value each article or description of property by itself, and at such sum or price as he believes the same to be fairly worth in money."

[7]§ 272.03, subd. 8. " 'Full and true value' means the usual selling price at the place where the property to which the term is applied shall be at the time of assessment; being the price which could be obtained at private sale and not at forced or auction sale."

"Any person having any * * * interest in * * * any parcel of land, who claims that such property has been *partially, unfairly, or unequally assessed,* or that such parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, * * * may have the validity of his claim, defense, or objection determined by the district court of the county in which the tax is levied * * *." (Italics supplied.)

The foregoing statutory provision is supplemented by § 279.19 which, insofar as applicable, is incorporated into c. 278 by reference under § 278.06. Insofar as here pertinent, § 279.19 provides:

"If all provisions of law in relation to assessment and levy of taxes have been complied with, of which the list so filed with the clerk shall be prima facie evidence, judgment shall be rendered for such taxes and the penalties and costs. *No omission of any of the things by law provided in relation to such assessment and levy, or of anything required by any officer to be done prior to the filing of the list* with the clerk, *shall be a defense* or objection to the taxes appearing upon any parcel of land, *unless it be also made to appear to the court that such omission has resulted to the prejudice of the party objecting, and that the taxes thereon have been partially, unfairly, or unequally assessed,* * * *." (Italics supplied.)

It is well established that, although § 279.19 does not precisely define or limit the defenses which may be asserted by a taxpayer to the taxes imposed upon his land,[8] it is to be construed as providing that, *where there is no want of authority to levy the tax,*[9] no failure or omission of the taxing authorities to comply with the prescribed procedural steps for assessing or levying a tax shall constitute a

[8]County of Otter Tail v. Batchelder, 47 Minn. 512, 514, 50 N. W. 536, 537; State ex rel. Brown v. City of Red Wing, 134 Minn. 204, 207, 158 N. W. 977, 978.

[9]For jurisdictional requirements, see Cassidy v. Souster, 115 Minn. 191, 132 N. W. 292; State ex rel. Brown v. City of Red Wing, *supra.*

512

defense unless the objecting taxpayer sustains his burden[10] of showing that, by reason of such failure or omission, he has been prejudiced and that the taxes on the property have been partially, unfairly, or unequally assessed.[11]

■ This court in Corbet v. Town of Rocksbury, 94 Minn. 397, 399, 103 N. W. 11, 12, said:

"In this state the proceedings to collect taxes are judicial in character. In consequence, most errors or omissions, informalities and imperfections, in performance of official duty, do not invalidate taxing records, nor destroy the right to collect the tax, unless they result in demonstrated and substantial prejudice. It is elementary that the statutory provisions with reference to the steps which produce a tax are, in general, directory, not mandatory."[12]

Furthermore, § 272.06 specifically provides:

"No assessment of property for the purposes of taxation, and *no general or special tax* authorized by law, *levied upon any property* by any officer or board authorized to make and levy the same, *shall be held invalid for want of any matter of form in any proceeding which does not affect the merits of the case, and which does*

---

[10]County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 519, 41 N. W. 465, 42 N. W. 473, 476; State v. Backus-Brooks Co. 102 Minn. 50, 51, 112 N. W. 863.

[11]County of Redwood v. Winona & St. Peter Land Co. *supra;* County of Otter Tail v. Batchelder, *supra;* State ex` rel. Brown v. City of Red Wing, *supra;* State v. Johnson, 111 Minn. 255, 260, 126 N. W. 1074, 1076; State v. Backus-Brooks Co. *supra;* see, Saxhaug v. County of Jackson, 215 Minn. 490, 497, 10 N. W. (2d) 722, 726.

[12]For discussion of the distinction in tax cases between mandatory provisions and those which are directory, see Corbet v. Town of Rocksbury, *supra;* State v. Cudahy Packing Co. 103 Minn. 419, 115 N. W. 645, 1039; Cassidy v. Souster, 115 Minn. 191, 132 N. W. 292; State v. Minnesota & Ontario Power Co. 121 Minn. 421, 141 N. W. 839. Generally, it may be said that provisions essential to the acquirement of jurisdiction, and provisions which are designed to enforce the collection of the tax or to divest the owner of his property for failure to pay the tax are mandatory, whereas, the procedural steps which relate to the assessment, computation, and levy of the tax are directory.

*not prejudice the rights of the party* objecting thereto. *All such assessments and levies shall be presumed to be legal until the contrary is affirmatively shown; \* \* \*.*" (Italics supplied.)

In the light of the foregoing principles it follows that the act of fixing the valuation of the property is but one of the directory or procedural steps taken to compute the amount of the tax and to assess and levy the same upon the property. Although we concede that the valuation of petitioner's property at only one-third of its full and true value was not in compliance with § 273.11, petitioner is in no position to complain since he has not sustained the burden of showing that he has thereby been prejudiced or that the taxes have been partially, unfairly, or unequally assessed upon his property. The evidence establishes that all property in Orono township was assessed in the same manner without any discrimination between one property owner and another. It is the practice in this state,[13] as it is in most states,[14] to assess property systematically and uniformly at a percentage of its full and true value, and a person so taxed the same as others cannot complain where that method does not result in charging him more than his just proportion of the taxes although the statutes require taxation at the full and true value.[15]

Despite the fact that the uniform undervaluation of the assessed property has saddled petitioner with only his just and proportionate share of the tax, he nevertheless asserts that the reassessment must be held invalid since the fixing of the assessed valuation is not merely for taxation purposes but also affects other governmental functions such as the determination of the bonded indebtedness limit of a city and the amount of contributions to be made by the state to school districts. Petitioner fails to distinguish between a private wrong against and peculiar to himself as an individual, for which he has a right of redress in a tax review proceeding, and a

---

[13]State v. Thayer, 69 Minn. 170, 71 N. W. 931. In fact, systematic undervaluation of real property at a specified percentage of its true and full value is recognized by the legislature. § 273.13.

[14]3 Cooley, Taxation (4 ed.) § 1140; see, 1 Bonbright, Valuation of Property, pp. 497 to 504; but see, Schettler v. City of Fort Howard, 43 Wis. 48.

[15]State v. Thayer, 69 Minn. 170, 71 N. W. 931.

wrong against the public generally for which there is no remedy in a proceeding of this kind.[16] Public wrongs are usually redressed by public prosecution. The question of how the individual citizen may obtain corrective action to eliminate public wrongs is not involved herein. The failure of tax officials to perform their duties, such as the failure to assess property at its true and full value, constitutes an indivdual wrong, for which redress may be had in a tax review proceeding *only* when the individual complainant can show that he, by reason of such official nonperformance, has suffered a special injury peculiar to himself, such as the imposition upon him of more than his just and proportionate share of the tax burden. In tax review proceedings no one is to be heard who complains of a valuation which, however erroneous it may be, charges him only with a just proportion of the tax.[17]

■ Finally, petitioner seeks to have the reassessment declared invalid because he was not given notice by mail of the increase in the assessment as required by § 270.11, subd. 6. Again petitioner's objection is aimed at a directory or procedural step designed to produce and not to enforce the tax. The failure to give notice of the increase in the assessment was a mere irregularity of which petitioner cannot complain unless the tax sought to be collected was unfairly and unequally assessed. This petitioner has not shown. State v. Cudahy Packing Co. 103 Minn. 419, 115 N. W. 645, 1039. Furthermore, petitioner overlooks that proceedings to collect taxes are judicial in character. Notice is therefore sufficient if the property owner is given the opportunity to question the validity of the amount of the tax either before the amount is determined, or in subsequent proceedings for its enforcement. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473. Failure to give notice, under the judical system, becomes cru-

---

[16]State v. Thayer, 69 Minn. 170, 71 N. W. 931; see, State v. Cudahy Packing Co. 103 Minn. 419, 115 N. W. 645, 1039. For an excellent discussion by Mr. Justice Mitchell of the rights and duties of the individual taxpayer, see State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970.

[17]State v. Thayer, *supra;* Moss v. Cummings, 44 Mich. 359, 6 N. W. 843; 3 Cooley, Taxation (4 ed.) §§ 1140, 1143.

cial and material only when it is sought to bring the person or the property into court.

The judgment of the trial court is affirmed.

Affirmed.