## WILLIAM H. RENNEKE AND ANOTHER v. COUNTY OF BROWN.

97 N. W. (2d) 377.

May 1, 1959—Nos. 37,564, 37,565.

*Lauerman & Johnson,* for appellants.

*Robert J. Berens,* County Attorney, and *R. T. Rodenberg,* Assistant County Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

These appeals are from orders of the district court denying appellants' motions for amended findings or for new trials. They arise out of actions brought by appellants, William H. Renneke and William E. Renneke, under M. S. A. 278.01 to have their claims and objections determined concerning the 1953 real estate taxes levied against their properties in Sleepy Eye, Brown County, Minnesota. The actions were consolidated for trial and submitted to this court on one record, one brief in behalf of appellants, and one brief in behalf of respondent, Brown County.

Two of the tracts are owned by William H. Renneke and are located

in the downtown district of Sleepy Eye. One tract has 50 feet frontage and is 140 feet deep, and the other is an adjoining tract with 65 feet frontage and 75 feet deep. These two tracts have been improved by a brick-faced, tile, two-story building with a one-story tile and cement block warehouse attached to it. They are herein referred to as the store. This property was assessed as of May 1, 1952, at a total full and true valuation of $26,510. Thereafter, pursuant to a reassessment dated December 30, 1952, it was listed at a full and true valuation of $31,160 (the buildings at $28,160, the land at $3,000). Under the December 1952 reassessment, taxes for the year 1953 were levied at $2,010.77 and were paid. The trial court found the full and true value of these premises, as of May 1, 1952, to be $28,344 (the buildings at $25,344, the land at $3,000) and concluded that the correct amount of the tax for 1953 was $1,816.17, and that respondent owed appellant the sum of $194.50.

The William E. Renneke property has dimensions of 100 feet by 160 feet, upon which is constructed a two-story brick apartment house. After some communication with the commissioner of taxation in 1952 with reference to a reduction of the full and true value as of May 1, 1951, it was assessed as of May 1, 1952, at a total full and true value of $9,160. Thereafter, pursuant to a reassessment dated December 30, 1952, it was listed at a full and true value of $11,765 (building at $10,865, the land at $900). The taxes were levied at $702.39 and were paid. In the apartment house case, the trial court found that the full and true value, as of May 1, 1952, was $10,678 (the building at $9,778, the land at $900) and concluded that the correct amount of tax upon said premises for 1953 was $627.31, and that respondent owed the appellant $75.08.

The trial court's finding reduced the full and true valuation on each of the properties an exact 10 percent of the reassessed value of the structures.

During the consolidated trial of the two cases considerable evidence was introduced in the form of statements from witnesses and exhibits showing the comparison between the Renneke properties and other tracts or buildings in Sleepy Eye with reference to income, cost of construction, location, size, valuation, and taxes levied. It will serve no

useful purpose to review it all here except to say that appellants argue that such testimony is significant and important and was presented for the purpose of showing that the Renneke properties were unfairly valued and taxed in comparison with other properties. On the other hand, respondent objects to such references as having no place in a statement of facts.

The pertinent legal issues for the purpose of our decision are whether the tracts of real estate owned by the appellants were assessed partially, unequally, and unfairly within the meaning of § 278.01[1] for the tax year 1953, and whether such properties were illegally assessed for that year.

Appellants assign as errors, among others, that the trial court erred: In failing to find that the properties were partially, unequally, and unfairly assessed within the meaning of § 278.01 for the tax year 1953; in determining as it did the full and true value of the properties and taxes for 1953; in arriving at an arbitrary 10 percent reduction of the full and true value of the properties involved from that originally determined in 1953 by the assessor.

Respondent contends that all of the assignments of error raised by appellants are fact issues and that the real issue involved in these cases is: Was the full and true value of the store property $28,344 and the apartment house property $10,678, as found by the trial court? It argues that the trial court by its decision fairly and squarely met all the issues raised by appellants and rendered its decision accordingly; that although there was a conflict in the evidence it presented a fact issue; that the evidence must be viewed in the light most favorable to the

---

[1]M. S. A. 278.01. "Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed, or that such parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid, or that the property is exempt from the tax so levied, may have the validity of his claim, defense, or objection determined by the district court of the county in which the tax is levied by serving copies of a petition for such determination upon the county auditor, county treasurer, and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court on or before the first day of June of the year in which such tax becomes payable."

findings; and that such findings will not be disturbed on appeal unless they are manifestly contrary to the evidence as a whole, citing Enderson v. Kelehan, 226 Minn. 163, 32 N. W. (2d) 286. Respondent also cites Lindahl v. State, 244 Minn. 506, 70 N. W. (2d) 866, in which this court stated that a trial court's findings of fact in tax proceedings, like those in ordinary civil actions, must be sustained upon review unless they are clearly erroneous in the sense that they are not reasonably supported by the evidence as a whole. It submits that the evidence fully upholds the trial court's decision and urges that the trial court be affirmed.

At the time of the trial neither the trial court nor counsel on either side had the benefit of our decision in In re Petition of Hamm v. State, 255 Minn. 64, 95 N. W. (2d) 649. In that case this court held that the purpose of the equal-protection clause of U. S. Const. Amend. XIV is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents; that uniformity of taxation does not permit the systematic, arbitrary, or intentional valuation of the property of one or a few taxpayers at a substantially higher valuation than that placed on other property of the same class; and that discrimination in the imposition of the tax burden, resulting from systematic, arbitrary, or intentional undervaluation of some property as compared to the valuation of other property in the same class, violates the uniformity clause of Minn. Const. art. 9, § 1, and the equal-protection clause of U. S. Const. Amend. XIV, even though the property discriminated against is not assessed higher than its fair market value or higher than the percentage of fair market value adopted as a uniform basis in the making of assessments. This court recognized in that case that absolute equality of all cases is impracticable of attainment and that the taxpayer may not complain unless the inequality is substantial; also that the good faith of tax assessment officers and the validity of their actions are presumed and that the burden of proof of overcoming such presumption rests upon the complaining party.

Section 273.11 provides that as a basis of taxation all property shall be assessed at its full and true value in money and not according to any

lower standard of value. Nevertheless it has been the practice in this state, as well as many others, to assess property systematically and uniformly at a percentage of its true value. In re Petition of Hamm v. State, *supra*.

It is the claim of appellants here that their respective properties have been partially, unfairly, and unequally assessed and that both of the parcels have been assessed at a valuation greater than their true market values. Several witnesses were produced by the appellants who testified as to the fair market value of the store, which in their opinion was from $32,000 to $40,000; on the value of the apartment their opinions ranged from $13,500 to $25,000.

On the other hand in the opinion of two respondent witnesses the fair market values of the store ranged from $47,000 to $66,000, and on the apartment house from $33,000 to $37,000. As previously stated the full and true value as found by the trial court was $28,344 on the store property, and on the apartment house property it was $10,678.

It is our opinion under the ruling in the Hamm case that when the issue of whether petitioners are partially, unequally, or unfairly assessed is raised under § 278.01 it is incumbent upon the trial court to make two essential findings of fact, to wit: The actual market value of the property at the time of the assessment and the percentage applied by the assessor to the market value on the property involved as compared with the percentage applied to other property in the assessment district, of the same class, in arriving at the full and true value for tax purposes. There are no such findings by the trial court nor is there any indication under the record here as to how it arrived at the full and true value.

Remanded with directions to make findings in accordance with this opinion.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On June 26, 1959, the following opinion was filed:

PER CURIAM.

Petitioners appeal from the clerk's disallowance of their taxation of costs and disbursements. M. S. A. 278.07 prescribed the situations in which costs and disbursements are allowed in tax contests. In re Petition of Hamm v. State, 255 Minn. 64, 95 N. W. (2d) 649. The

disposition of this case does not come within any of the three situations provided by § 278.07.

It is ordered that the clerk's disallowance of costs and disbursements be and is hereby affirmed.