## STATE v. CHESTER C. HALPERN.

150 N. W. (2d) 35.

April 14, 1967—No. 40,437.

*Joseph Shefner,* for appellant.

*Douglas M. Head,* Attorney General, and *Don G. Paterick,* Special Assistant Attorney General, for respondent.

PETERSON, JUSTICE.

Appeal from judgment of district court determining that defendant owes the State of Minnesota $726.87, plus interest, for unpaid inheritance tax.

The sole issue properly presented is whether taxpayer had a defense to any inheritance tax liability only for the reason that the order and notice of order determining the inheritance tax were not served upon him prior to the expiration of the time in which to appeal to the Tax Court. The court held against the taxpayer on this issue, and we affirm the judgment.

The facts are not in dispute. Betty Halpern died on August 23, 1954, survived by her husband and two sons, one of whom is defendant, Chester Halpern. Decedent's husband filed an inheritance tax return on May 15, 1959, disclosing nonprobate real estate assets subject to inheritance tax payable by all three survivors. An inheritance tax was assessed against defendant, but no notice of the assessment was served upon him; he did not learn of the state's claim for inheritance tax until almost a year after the assessment when demand was made upon him by the attorney general.[1]

A taxpayer has three methods for judicial determination of an in-

---

[1] The return was prepared by defendant's attorney, who was at that time the attorney for decedent's husband but not for defendant. On oral argument it was disclosed that the order and notice were mailed to the attorney, who refused service and advised the Inheritance Tax Division by telephone to serve notices upon the individuals. We do not intimate any view as to whether the attorney contributed to the prejudice suffered by the taxpayer when he refused to accept service of the notice and decided not to transmit it to the taxpayer, except to recognize that he was under no duty to do so.

heritance tax assessment: (a) By appealing to the Tax Court within 30 days of the assessment;[2] (b) by paying the tax and making application for refund, with an action by him in district court if the refund is denied;[3] and (c) by defense in an action for collection by the state, as in this case. Appeals to this court are available from either tribunal.

Taxpayer, with some force, complains that the failure to receive notice is prejudicial to the extent that it denied him the choice of the Tax Court as his forum,[4] and the trial court so found. He was not, however, deprived of the district court as a competent forum for an ultimate determination on the merits. The two methods utilizing that forum preserve to him the right to notice at some point before a judgment is made on the merits. The trial court found, therefore, that taxpayer did not have a defense to payment of the tax.

Taxpayer does not contend that the inheritance tax statute by its terms requires actual service of the order and notice of assessment. Rather, he contends that in fairness, and as in the case of gift taxes, the statute should require service of such notice. The contention is made to the wrong forum, however, for it is exclusively a matter for the legislature. Although the legislature might well consider the contention meritorious for the reasons stated by the taxpayer, it need not have required notice at that stage as a matter of fundamental right. State v. Cudahy Packing Co. 103 Minn. 419, 115 N. W. 645, 1039; State v. Security Nat. Bank, 143 Minn. 408, 173 N. W. 885; County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 42 N. W. 473, affirmed sub nom. Winona & St. Peter Land Co. v. Minnesota,

---

[2] Minn. St. 271.06.

[3] § 291.32, subd. 2.

[4] Taxpayer contended that he was prejudiced because the Tax Court is "a better forum for the trial of tax cases because it is an expert body, better fitted than a court of general jurisdiction to hear and decide tax questions" and that appeal therefrom to the supreme court "is much easier and simpler and less costly than appeal from the District Court"; further, that district court tax litigation is "automatically picked up by the credit service" and, therefore, "could in many respects interfere with the credit he could obtain from his suppliers."

362

159 U. S. 526, 16 S. Ct. 83, 40 L. ed. 247; In re Delinquent Taxes in Polk County, 147 Minn. 344, 180 N. W. 240; *Lindahl* v. State, 244 Minn. 506, 70 N. W. (2d) 866; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 10 S. Ct. 533, 33 L. ed. 892; Merchants' & Mfrs.' Bank v. Pennsylvania, 167 U. S. 461, 17 S. Ct. 829, 42 L. ed. 236.

Affirmed.