(December 18, 1899.)

## MURPHY v. BOARD OF EQUALIZATION FOR LINCOLN COUNTY.

[59 Pac. 715.]

BOARD OF EQUALIZATION.—Section 1483 of the Revised Statutes as amended by act of March 13, 1899, does not contravene the provisions of the constitution.

SAME—JURISDICTION.—A board of county commissioners, acting as a board of equalization, has jurisdiction to order additions made to the list of property assessed to an individual taxpayer.

SAME—WRIT OF REVIEW.—Mere irregularity in the exercise of a rightful power by a board of equalization will not be reviewed on *certiorari*.

SAME—INCREASING LIST OF PROPERTY—PRESUMPTION.—Courts will not presume that orders made by a board of equalization increasing the list of property assessed to an individual tax payer was made without evidence.

CERTIORARI—MINISTERIAL ACT.—*Certiorari* does not lie to review a ministerial act performed by a ministerial officer acting in a ministerial capacity.

ASSESSOR—CONSTITUTIONAL LAW.—A county assessor should make such changes upon the assessment-roll of his county as the board of equalization for his county has ordered, relative to the assessment of an individual taxpayer.

(Syllabus by the court.)

APPEAL from District Court, Lincoln County.

N. M. Ruick, for Appellant.

The provisions of the state constitution and of the statutes directly involved in a consideration of this case are: Const.,

sec. 12, art. 7; Rev. Stats., secs. 1475, 1483, as amended by
Laws 1899, p. 454, and secs. 1484, 1485—the latter as amended
and re-enacted by Laws 1899, p. 261. If it was the intention
of the board to limit its action to directing the assessor to so
add property to the number, amount or quantity previously as-
sessed by him, it should have been made to appear. (*People v.
Reynolds,* 28 Cal. 107, 115.) The statute, having specified
what they may do, necessarily excludes every other power.
The court cannot add to or take from the words of the statute.
(Extract from opinion in *Orr v. State Board of Equalization,*
3 Idaho, 190, 28 Pac. 416.) No presumption of jurisdiction
or regularity of proceedings are indulged in favor of courts
and tribunals of inferior or limited jurisdiction, and all
special boards and tribunals which are created by law and
clothed with judicial functions of a limited and special char-
acter; and all persons who claim any right or benefit under
their judgments must show their jurisdiction affirmatively.
(*Hahn v. Kelly,* 34 Cal. 392, 409, 94 Am. Dec. 742, and note;
*State v. Officer,* 4 Or. 180, 183; *Rhode v. Davis,* 2 Ind. 53;
*Johnson v. Eureka Co.,* 12 Nev. 28; *Rosenthal v. Madison P.
R. Co.,* 10 Ind. 359; *Fayette Co. v. Chitwood,* 8 Ind. 504;
*Plummer v. Waterville,* 32 Me. 566; *Northcut v. Lemery,* 8 Or.
322.)

Guy C. Barnum and Edward A. Walters, for Respondent.

We fail to recognize any departure from the provisions of the
law taken as a whole, both by its express terms and implications.
In one place (Rev. Stats., sec. 1483, as amended by Laws 1899,
p. 454) it says: "It may direct the assessor to make the re-
quired entries," while section 1484 of the Revised Statutes,
speaks in direct and mandatory terms and says: "The clerk
must enter upon the assessment book all changes and correc-
tions made by the board"; while section 1503 of the Revised
Statutes, requires the clerk under oath to vouch for the cor-
rectness of the record of the proceedings. That the order in
the case at bar was directed to the assessor is to be presumed
from the fact that in every case where the board of equaliza-
tion as shown by the record directed its orders to anyone, it

was to the assessor.    (*Fowler v. Russel,* 45 Kan. 425, 25 Pac.
871; *Allison Ranch Min. Co. v. Nevada Co.,* 104 Cal. 161, 37
Pac. 875.)    The jurisdiction of the board to act in the matter
of increasing an assessment is complete after giving to the
person assessed the notice prescribed by that section and the
board may give such notice on its own motion.    (*Allison Ranch
Min. Co. v. Nevada Co.,* 104 Cal. 161, 37 Pac. 875; *Farmers'
etc. Bank v. Board of Equalization,* 97 Cal. 318, 32 Pac. 312.)
The presumption in all proceedings relating to taxes is in
favor of regularity.    (*Chamberlain v. City of St. Ignace,* 92
Mich. 332, 52 N. W. 634.)    *Certiorari* is not the proper remedy
to reach errors and irregularities of inferior tribunals in de-
termining questions of fact.    Unless a statute confers the
power of reviewing determinations of inferior tribunals upon
questions of fact, such determinations are conclusive and can-
not be reversed on *certiorari.*    (2 Wait's Actions and De-
fenses, p. 134, sec. 1; *Andrews v. Andrews,* 14 N. J. L. 141;
*Starr v. Trustees of Rochester,* 6 Wend. 564; *State v. Senft,* 2
Hill (S. C.), 367; *Ex parte Nightingale,* 11 Pick. (Mass.)
168; *Willimson v. Carman,* 1 Gill & J. (Md.) 196; *Hauser v.
State,* 33 Wis. 678.)    Mere errors and irregularities which do
not affect the jurisdiction are not reached by this proceeding.
(Wait's Actions and Defenses, p. 137, sec. 4; *Bazior v. Lasch,*
28 Wis. 270; Idaho Rev. Stats., 4960.)

QUARLES, J.—On July 13, 1899, the respondents. the
county commissioners of Lincoln county, sitting as a board of
equalization, ordered that certain raises be made in the migra-
tory stock assessments of divers parties, one of them being the
appellant.    The order, so far as it relates to appellant, is as
follows: "Board called to order as a board of equalization, and
ordered the following raises on migratory stock assessments, as
follows: . . . . Murphy, J. D., from one hundred cattle to
two hundred cattle. . . . . The clerk was ordered to notify the
persons raised."    November 7, 1899, appellant appealed to the
district court for a writ of review, which issued, and the return
thereto certified up to the district court the proceedings of said
board of equalization.    Upon the hearing of the return to the
writ the district court affirmed the said order of the board, and

from the judgment of the district court in the premises this appeal is brought.

In the affidavit of appellant upon which the application for the said writ is based, the following appears: "By which order so made and entered the number of cattle returned by the assessor of said county as owned by this affiant for the purposes of taxation for the fiscal year 1899, was increased from one hundred to two hundred head; that said change so ordered by the said board of equalization was entered by the auditor of said county upon the assessment-roll of said county for the fiscal year 1899." The contention of the appellant is that the board of equalization exercised an assessorial power in making said order, and that such power is not conferred either by the constitution or statutes upon such board, for which reason said order was without the jurisdiction of the board and void. By section 12, article 7, of the constitution it is provided that "the boards of county commissioners for the several counties of the state, shall constitute boards of equalization for their respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county under such rules and regulations as shall be prescribed by law." Section 1483 of the Revised Statutes, as amended by Act of March 13, 1899 (Sess. Acts 1899, p. 454), is as follows:

"Sec. 1483. During the session of the board of county commissioners, sitting as a board of equalization, it may direct and require the assessor to assess any taxable property that has escaped assessment, increase any valuation, or add to the amount, number, quantity or value of any property, when a false, inaccurate or incomplete list has been furnished or rendered; and in making such alterations, additions or new assessments, he shall note the previous assessments 'Canceled' and such new entries, with the alterations and additions, shall be deemed the true assessment of the property affected thereby. When any assessment made by the assessor is deemed by the board so incomplete or inaccurate as to render doubtful the collection of the tax thereon, the board shall direct him to make a new assessment thereof, as heretofore provided, marking such defective assessment 'Canceled.' All persons whose

assessment is altered, modified or affected in the amount or valuation of property charged to them, shall be notified by the clerk of said board, by letter deposited in the United States mail, postpaid and addressed to such person interested, at least ten days before the final action is taken in fixing and equalizing such assessment, of the day fixed when he may be heard upon the matters affecting the assessment of his property for taxation, which shall be on the fourth Monday in July of each year, or as soon thereafter as he can be heard or his matter be reached."

We see nothing in the provisions of this statute which conflicts with the constitution. Under this statute the board made said order, and the clerk of the board gave to the appellant the proper notice. The appellant had the right to appear before the board and show that such increase or "raise" in his assessment should not be made. We are not authorized to presume that said order was made without evidence, or that appellant did not own two hundred head of cattle in Lincoln county, subject to assessment for the year 1899, and there is nothing in the record which so shows. The board had jurisdiction to make said order. That is the only question before us for determination. Mere irregularity, if such exists, in the exercise of such jurisdiction cannot be reviewed in this proceeding. The noting of the change ordered upon the assessment roll, if made by the wrong officer, cannot be reviewed here, because it is a ministerial, and not a judicial or *quasi* judicial, act. If it be the duty of the assessor, and not the auditor (which we think is the case, but which we do not here determine), to make such change upon the assessment-roll, the assessor can and should yet make it, if he has not done so. The judgment of the district court is affirmed, with costs to respondents.

Huston, C. J., and Sullivan, J., concur.

PETITION FOR REHEARING.

(January 15, 1900.)

Per CURIAM.—A petition for a rehearing has been filed in this case, and in it counsel state as follows: "In practical

operation, the decision of the court heretofore filed has had its effect, the parties affected by the action of the board of equalization of Lincoln county in adding property to the assessment-roll having all paid taxes on the full amount of their assessment, including the amount added, for the year 1899, and no subsequent action by this court, as we understand it, can affect them or the county revenues for the year 1899"—and suggest that the only reason why a rehearing is desired is that a principle of law suggested, urged, and much relied upon by the appellant in this case may be determined. As the controversy is ended, we are not inclined to consider the matter further, and a rehearing is denied.