## STATE v. BACKUS–BROOKS COMPANY.[1]

### July 19, 1907.

### Nos. 15,183—(9).

**Taxation—Burden of Proof.**

>   In an action to enforce the payment of delinquent personal property taxes, the burden is upon the defendant, not only to show errors in the proceedings culminating in the levy of taxes, but also to show that such errors resulted to his prejudice and that such taxes were unfairly or unequally assessed.

**Irregularities not a Defense.**

>   Rule applied, and *held*, that certain irregularities in keeping the records of the proceedings of the state board of equalization do not constitute a defense in this case.

In proceedings in the district court for Hennepin county to collect delinquent personal property taxes for the year 1904, defendant company interposed an answer. The matter was tried before Simpson, J., who made findings of fact and ordered judgment against it in the sum of $8,518.73. From an order denying its motion to set aside the decision and grant a new trial, defendant appealed. Affirmed.

*C. J. Rockwood,* for appellant.

*Edward T. Young,* Attorney General, *Al. J. Smith,* County Attorney, and *W. C. Leary,* Assistant County Attorney, for the State.

START, C. J.

This is a proceeding to enforce the collection of personal taxes for the year 1904 assessed against the defendant. The answer of the defendant was to the effect that its personal property in the year 1904 was assessed by the city assessor of the city of Minneapolis, and equalized by the city and county boards, respectively, at $247,490, which the state board of equalization assumed to increase to $296,820, and that this action of the state board, by reason of omissions and irregularities on its part and that of its secretary, was void. It, however, made no claim, by answer or otherwise, that it did not have taxable

[1] Reported in 112 N. W. 863.

personal property for the year 1904 to the full value and amount of the assessment as equalized by the state board, or that, as so equalized, its assessment was not proportionately equal and fair. The trial court made its findings of fact, and as a conclusion of law directed judgment to be entered against the defendant for the full amount of taxes claimed $8,518.73. The defendant appealed from an order denying its motion for a new trial.

On the trial the state introduced in evidence the list of delinquent personal property taxes in the county of Hennepin for the year 1904, which showed a levy of personal property taxes for that year against the defendant in the sum of $8,518.73. This list established a prima facie case for the state; it being prima facie evidence that all the provisions of law in relation to the assessment and levy of the taxes had been complied with. Laws 1899, p. 285, c. 246, § 1. The burden, then, was upon the defendant, not only to show errors in the proceedings culminating in the levy of the taxes, but also to show that such errors resulted to its prejudice and that such taxes were unfairly or unequally assessed. R. L. 1905, § 896; G. S. 1894, § 1569; State v. Wm. Deering & Co., 56 Minn. 24, 57 N. W. 313.

This the defendant did not attempt to do, but it offered evidence which would require a finding that the formal and final record of the proceedings of the state board of equalization was not made until about January 1, 1905, and that the board adjourned October 11, 1904, and that immediately upon such adjournment the state auditor, as secretary of the board, transmitted to the auditor of the county of Hennepin an abstract of the proceedings of the board, specifying the changes made by the board in the valuation of each class of real and personal property in the county, which changes were made by the county auditor according to such abstract. The evidence shows that minutes, notes, and memoranda of the proceedings of the state board were made upon loose sheets of paper by the secretary or his deputy during its sessions. It was from such notes and memoranda that the final and formal record was made. Now, if it be conceded that the method in which the record of the state board was kept and finally made up was an irregularity, yet it does not follow that the irregularity invalidates the equalization, or constitutes a defense in this case. The defendant having failed to show that any irregularity or omission

on the part of the state board of equalization or its secretary resulted in any prejudice to it, or that the taxes as levied against it were unequal or unfair, or based upon property it did not own, or that its property was assessed proportionately higher than other property of the same class, the defendant failed to establish any defense. The trial court correctly directed judgment against the defendant for the taxes claimed.

Order affirmed.