No. 22,165.

RURAL HIGH-SCHOOL DISTRICT No. 93, IN JEFFERSON COUNTY, *Plaintiff*, v. KENNETH RAUB, as County Clerk of the County of Shawnee, *Defendant*.

SYLLABUS BY THE COURT.

1. RURAL HIGH SCHOOL — *Levy of Taxes by District — Duty of County Clerk to Place Levy on Tax Roll—Statutes Directory*. The statutory provisions requiring the board of a rural high-school district to meet annually on the third Monday in April and make the necessary levy for taxes (Laws 1917, ch. 284, § 4), and section 8980 of the General Statutes of 1915, making it the duty of the clerk of the board, on or before the 25th day of July, to certify the same to the county commissioners, upon receipt of which it becomes their duty, on or before the first Monday in August, to make the levy, and the duty of the county

clerk to place the same upon the tax roll, are held to be directory, and the failure to act within the prescribed time will not vitiate the levy.

2. SAME—*New District—Tax Levy Made in September—Levy Should be Extended on Tax Roll.* A rural high-school district which was not organized until August 5, made a levy of taxes for school purposes on the 14th of September, which was duly certified to the county clerk. *Held,* that it became his duty to extend the levy upon the tax rolls before the books were turned over to the county treasurer for the collection of taxes.

Original proceeding in mandamus. Opinion filed November 9, 1918. Writ allowed.

*James P. Coleman,* of Topeka, for the plaintiff.
*Hugh T. Fisher,* of Topeka, for the defendant.

The opinion of the court was delivered by

PORTER, J.: The question for determination is whether it is the duty of the county clerk to extend upon the tax rolls a levy which is not made by a rural high-school district until after the third Monday in April, and not certified to the county clerk until long after the 25th day of July.

Rural high-school district No. 93, of Jefferson county, was organized at an election held on August 5, 1918. The greater portion of the territory of the district lies in Jefferson county, but it embraces also territory in Jackson and Shawnee counties. The board of directors of the district, at a called meeting held on the 14th day of September, 1918, made a levy of taxes for the expenses of the current year, and the clerk of the board duly certified the levy to the county clerks of the three counties. The defendant, as clerk of Shawnee county, being doubtful as to his authority, declines to extend the levy upon the tax rolls.

The statute provides that the board of each rural high-school district shall meet annually on the third Monday in April and make the necessary levy for taxes. (Laws 1917, ch. 284, § 4.) The general statute relating to the levy of school taxes provides that the clerk of the school district shall, on or before the 25th day of July in each year, certify to the county commissioners the aggregate amount by them determined in each district to be necessary for school purposes, upon receipt of which it becomes their duty, on or before the first Monday in August, to make the levy upon all real and personal property in the dis-

trict, and the county clerk shall place the same upon the tax roll. (Gen. Stat. 1915, § 8980.)

It is the school district's contention that the provisions .of these statutes with respect to the time when the levy shall be made and certified are directory only, and not mandatory, and that the validity of the levy is not affected by the failure to have the levy certified and extended within the designated time. The rule relied upon is stated in Endlich on the Interpretation of Statutes, section 433, as follows:

"But when a public duty is imposed, and the statute requires that it shall be performed in a certain manner, or within a certain time, or under other specified conditions, such prescriptions may well be regarded as intended to be directory only, when injustice or inconvenience to others who have no control over those exercising the duty, would result, if such requirements were essential and imperative."

The same author, in section 436, refers to the serious inconvenience which would often result to the public or to persons who have no control over those intrusted with the duty, if the acts were held invalid because there has been some neglect of duty on the part of the public officers. In the case at bar, it cannot be said that any of the public officers neglected to perform their duty within the time named in the statute, because no duty was imposed upon them within the time provided. Rural high-school district No. 93 was not in existence, so that, manifestly, the rule contended for here is an extension of the rule referred to, which is applied in cases where there has been some neglect of duty by the officer, resulting in injustice or inconvenience to the public or to individuals. Provisions of this nature, specifying the time in which public officers shall perform their duties, are generally regarded as directory "unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer." (Sutherland on Statutory Construction, § 448.) The provisions with respect to time are, under such circumstances, considered merely as a direction with a view simply to orderly and prompt conduct of official business. Thus, it has been held that where the time in which an act shall be performed is not fixed for the purpose of giving a party a hearing, or for some other purpose important to him, the statute will be held as merely directory. (*Fay v. Wood,* 65 Mich. 390.) In that case the statute provided that

the city council should determine the amount necessary to be raised for highway taxes on or before the first day of June in each year. No hearing was contemplated, and it was held that the statute was merely directory, that the council did not lose jurisdiction or authority to perform the act after the prescribed time.

The exact question has never been passed upon by this court, but in an action not brought until the third day of October, and in which the judgment was not rendered until October 30, a writ was issued to compel the board of county commissioners to levy a school tax. (*School District v. Coughlin*, 88 Kan. 1, 127 Pac. 219.) The county board in that case had made an insufficient levy, upon the mistaken theory that an act permitting school districts to exceed the statutory limit, when authorized by a special election, had been repealed. The cases are not parallel, because the school district was not only in existence, but had made a valid levy and the statute had imposed upon the county board a duty which it had failed to perform. Here, no duty was imposed upon the county clerk within the time fixed by the statute for performance. The Osage county case goes no further than to establish a precedent for compelling the performance of a duty after the statutory time has passed, in cases where the officers have failed to perform within the time fixed by statute. We think, however, that in view of the general principles upon which the reason for the rule of interpretation referred to rests, and the interests of the public in a case like the present, we are fully warranted in holding that the provisions in respect of time in which the officers shall act are directory only, and not mandatory. The statute authorizes the organization of a rural high-school district by an election, which it is the duty of the board of county commissioners to call whenever a proper petition is presented asking for such an election, and this without regard to the time of the year at which the petition is presented. As pointed out in the plaintiff's brief, the legislature, having authorized districts to be formed by petition and election at any time during the year, it ought not to be held that this contemplated that districts in which the organization should not be completed until after the third Monday in April must wait until the subsequent school

year before being authorized to levy taxes and maintain a school. It is plain that the provisions as to time were not fixed in order to give taxpayers or others interested an opportunity for a hearing. The necessary amount to be levied having been determined, the extension of the levy became a mere ministerial duty, which can ordinarily be performed as well at one time as another, provided sufficient time be given to allow the officers to perform their duties before November 1, when the tax rolls are turned over to the county treasurer. Manifestly, the purpose of fixing the time in which the various officers shall perform their duties was simply to insure an orderly and prompt conduct of official business, and not for the purpose of giving a party a hearing, or for some other purpose important to him. We hold, therefore, that the provisions must be regarded as directory only, and not mandatory, and it follows that it became the duty of the defendant to extend the tax levy at any time before the books are turned over to the county treasurer for the collection of taxes.

Judgment will go for the plaintiff, and the writ will issue.