In the Matter of the Several and Separate Appeals of THE OVERLAND COMPANY, a Corporation, et' al., Appellants, v. STEPHEN UTTER, Clerk of the District Court, and STEPHEN UTTER, Clerk of, and JOHN McGRATH, HERBERT F. LEMP and H. B. ILLING-WORTH, Members of and Constituting the Board of Equalization of Ada County, Idaho, Respondents.

[257 Pac. 480.]

TAXATION—COUNTY BOARD OF EQUALIZATION—CONSTITUTIONAL BODY— PURPOSE OF BOARD — COEXTENSIVE POWERS — STATUTES LIBERALLY CONSTRUED—MANDATORY WORDS, WHEN DIRECTORY ONLY.

1.  County board of equalization had authority, under C. S., sec. 3152, as amended by Laws 1921, chap. 157, to meet and raise valuations after the third Monday in July, it being sufficient if it completes its business on or before the fourth Monday in July, which is the date that it is required to relinquish jurisdiction by delivering tax-roll to county auditor under secs. 3163, 3164.

2.  "County board of equalization," created by Const., art. 7, sec. 12, is a constitutional body created for purpose of equalizing values of property subject to taxation, to the end that no taxpayer be discriminated against and that all property owners bear just, fair and equal proportion of expense of government.

3.  Statutes are to be liberally construed with a view to effect their objects and to promote justice, in view of C. S., sec. 9444.

4.  If it is not clear that it was intention of legislature that statute, mandatory in form, should be so construed, courts may construe mandatory words to be directory only.

Publisher's Note.
    3.  See 25 R. C. L. 1077.
    4.  See 25 R. C. L. 767.

    See Statutes, 36 Cyc., p. 1110, n. 54, p. 1112, n. 72, 75, p. 1136, n. 38, p. 1157, n. 3, 4, p. 1158, n. 8, p. 1159, n. 20, p. 1160, n. 24, p. 1173, n. 66.
    Taxation, 37 Cyc., p. 1073, n. 41, p. 1075, n. 53 New.

44 Idaho—25

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens and Hon. Dana E. Brinck, District Judges.

Judgment affirming order of board of equalization for Ada county increasing valuations of appellants' property for purposes of taxation. *Affirmed.*

Hawley & Hawley and Chas. M. Kahn for Appellants.

A county board of equalization is a distinct body and has no inherent powers, but is created and governed by and has no other powers or duties than those granted or imposed by the constitution and statutes. (Const., art. 7, sec. 12; C. S., secs. 3152–3165; Sess. Laws 1921, chap. 157, pp. 350, 351; sec. 21, Revenue Act, p. 404, 1st Sess. Legislature; Rev. Laws 1875, 8th Sess., secs. 74, 75, p. 487; Rev. Stats. 1887, secs. 1475–1485, chap. 5, title 10; Sess. Laws 1895, p. 110; Sess. Laws 1899, p. 454; secs. 1303–1314, Pol. Code of 1900; art. 5, title 10, chap. 1, Rev. Laws 1907, Idaho Rev. Codes; Sess. Laws 1913, chap. 58, p. 173, sec. 207, p. 241; Sess. Laws 1915, pp. 138, 139.)

Jurisdiction and authority of county board of equalization: *General Custer Min. Co. v. Van Camp,* 2 Ida. 40 (44), 3 Pac. 22; *Feltham v. Board of County Commrs.,* 10 Ida. 182, 77 Pac. 332; *Humbird Lumber Co. v. Morgan,* 10 Ida. 327, 77 Pac. 433; *Gorman v. Board of Commrs.,* 1 Ida. 553; *Orr v. State Board,* 3 Ida. 190, 28 Pac. 416; *Evans v. Swendsen,* 34 Ida. 290, 200 Pac. 136.

Strict construction applied to taxing statutes: *People v. Moore,* 1 Ida. 662; *Shoup v. Willis,* 2 Ida. (108), 120, 6 Pac. 124; *State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac. 189; *Smith v. Canyon Co.,* 39 Ida. 222, 226 Pac. 1070.

Words of sec. 3152 are mandatory in form. (Webster's New Internatl. Dictionary; *Inland Lumber etc. Co. v. Thompson,* 11 Ida. 508, 114 Am. St. 274, 7 Ann. Cas. 862, 83 Pac. 933; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Choate v. Spencer,* 13 Mont. 127, 40 Am. St. 425, 32

Pac. 651, 20 L. R. A. 424; *Prescott v. Gonser,* 34 Iowa, 175; *Lockwood v. Gehlert,* 127 N. Y. 241, 27 N. E. 812.)

Legislative intent to make the statute mandatory: Lewis' Sutherland on Stat. Const., 2d ed., pp. 880, 884, 885; *State v. Lancashire Fire Ins. Co.,* 66 Ark. 466, 51 S. W. 633, 45 L. R. A. 348.

Personal notice of time fixed for equalization not required. (*Inland Lumber Co. v. Thompson, supra; First Nat. Bank of Weiser v. Washington County,* 17 Ida. 306, 315, 105 Pac. 1053; *Board of Commrs. v. Searight Cattle Co.,* 3 Wyo. 777, 31 Pac. 268; *Idaho Ry., L. & P. Co. v. Monk,* 218 Fed. 682.

Section 3152 was enacted for the benefit of the taxpayer and is mandatory. (*French v. Edwards,* 80 U. S. (13 Wall.) 506, 20 L. ed. 703; *Wolfenden v. Beaufort,* 152 N. C. 83, 67 S. E. 319; *Sioux City Pac. Ry. Co. v. Washington,* 3 Neb. 30; Black on Inter. of Laws, p. 553; *Matador Land & Cattle Co. v. Custer Co.,* 28 Mont. 286, 72 Pac. 662; *Martin v. McDiarmid,* 55 Ark. 213, 17 S. W. 877; *Township of Caledonia v. Rose,* 94 Mich. 216, 53 N. W. 927; *Powder River Cattle Co. v. Board of Com.,* 45 Fed. 323; *Smith v. Canyon County, supra; Shoup v. Willis, supra; Bramwell v. Guheen,* 3 Ida. 347, 29 Pac. 110; *Oregon Short Line Ry. Co. v. Minidoka County,* 31 Ida. 719, 175 Pac. 962.)

Laurel E. Elam and Sullivan & Sullivan, for Respondents.

Test or rule for determining whether a statute is directory or mandatory: Black on Interpretation of Laws, sec. 152; 2 Lewis' Sutherland on Stat. Const., sec. 611; 1 Cooley on Taxation, 3d ed., p. 476; 36 Cyc. 1157; 25 R. C. L. 767.

The provision of C. S., sec. 3152, as amended, as to time of adjournment is directory only; it was designed to secure order, system and dispatch in equalization proceedings between county officers and the county and state boards of equalization. (Black on Interpretation of Laws, pp. 526, 545, 549; 2 Lewis' Sutherland on Stat. Const., secs. 611, 612, 618; Endlich on Interpretation of Stat., sec 436; 1 Cooley on Taxation, 3d ed., pp. 476, 479, 487, 489; 36 Cyc.

1158, 1160; 29 Cyc. 1432; 26 Am. & Eng. Ency. of Law, 689; 25 R. C. L., 767, 769, 771; 26 R. C. L. 355; *French v. Edwards,* 80 U. S. (13 Wall.) 506, 20 L. ed. 703; *Erhardt v. Schroeder,* 155 U. S. 124, 39 L. ed. 94; *People v. Cook,* 8 N. Y. 67, 59 Am. Dec. 451; *Walker v. Edmonds,* 197 Pa. 645, 47 Atl. 867; *Hooker v. Bond,* 118 Mich. 255, 76 N. W. 404; *State v. Backus-Brooks Co.,* 102 Minn. 50, 112 N. W. 863; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Idaho Ry., L. & P. Co. v. Monk,* .218 Fed. 682; *Baker v. Paxton,* 29 Wyo. 500, 215 Pac. 257; *Weisgerber v. Nez Perce Co.,* 33 Ida. 670, 197 Pac. 562; *Tallon v. Vindicator etc. Min. Co.,* 59 Colo. 316, 149 Pac. 108.)

Substantial compliance is all that is necessary; variance treated as a mere irregularity or informality. (*Murphy v. Board of Equal.,* 6 Ida. 745, 59 Pac. 715; *Co-operative Savings & Loan Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Inland Lumber etc. Co. v. Thompson,* 11 Ida. 508, 516, 114 Am. St. 274, 7 Ann. Cas. 862, 83 Pac. 933; *Armstrong v. Jarron,* 21 Ida. 748, 125 Pac. 170; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102.)

Appearance and objections on merits are a waiver of objections as to time of meeting. (37 Cyc. 1096; *First National Bank v. Washington County,* 17 Ida. 306, 105 Pac. 1053.)

BUDGE, J.—The board of county commissioners of Ada county, sitting as a board of equalization, made certain increases in the valuations of appellants' property, for the purposes of taxation for the year 1923, over the valuation fixed by the county assessor. The initial action of the board in reference to the proposed increases was taken on July 16, 1923, which was the third Monday of July, 1923, when there was entered in its minutes the following order, omitting the names of the parties, descriptions of the property, and the valuations:

" . . . . Whereupon the Board raised the following described real and personal property assessments and directed

notice to be served personally by the Sheriff of Ada County, Idaho, upon the owner, or his agent or representative to appear forthwith before the Board and make objections if any he has."

A like order as the above was entered by the board on July 19, 1923, affecting property of three of the parties appellant not included in the order of July 16, 1923.

Notices to the several parties appellant of the increases of the assessments against their property and directions to them "to appear forthwith before the board and make objections, if any," were dated not earlier than July 17, 1923, and served, one upon July 17, and others upon July 18, July 19 and July 21, 1923. The record shows that all of the parties so served, except one, appeared before the board between the dates of July 18 and July 23, 1923, inclusive, either by personal representatives or by filing written objections, and protested against the proposed action of the board in increasing the valuations of their property. On July 23, 1923, the board made its final order of equalization. None of the appellants made any objection before the board on the main ground now urged, —that the action of the board was invalid because the proceedings thereon were had after the statutory time for adjournment. The time objection was first raised on appeal to the district court from the final order increasing the valuations. The cause was submitted in the district court on a stipulation of facts, and judgment was entered therein affirming the action of the board of equalization and its final order. From the judgment of the district court this appeal was taken.

[1] The sole question for determination here is whether the board of equalization had authority or jurisdiction to meet and raise valuations after the third Monday of July, its final order making such increases having been entered on the fourth Monday of July, 1923.

County boards of equalization are created by, and their duty prescribed under, the constitution, art. 7, sec. 12, as follows:

" . . . . The board of county commissioners for the several counties of the state, shall constitute boards of equalization for their respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations as shall be prescribed by law."

The statutory rules and regulations governing meetings of county boards of equalization, and under which they function, are provided for by C. S., sec. 3152, as amended by Sess. Laws 1921, chap. 157, p. 350, which reads:

"The board of county commissioners of each county in this state shall meet as a board of equalization on the fourth Monday in June in each year and shall continue in session from day to day up to and including the third Monday of July in said year, for the purpose of equalizing the assessment of all property entered upon the real property assessment roll and determining complaints in regard to the assessment of such property, and allowing or disallowing exemptions claimed under subdivisions 4, 7, 8, 9, 10 and 21 of section 3099, affecting the assessment of property entered upon said roll, and must complete such business and adjourn as a board of equalization on the said third Monday of July, provided that the board of equalization may adjourn to any time prior to the third Monday of July, when they have completed all of the business as a board of equalization."

It will be noted that the board of equalization of Ada county first proposed to increase the valuations of the property of some of the appellants herein when it entered its preliminary order to that effect on July 16, 1923. That date was the third Monday of July, 1923, on which, according to the provisions of the statute, the business of the board must have been completed and the board adjourned. Yet it was still necessary for the board, before taking final action in increasing such valuations, to notify the parties affected, or their agents or representatives, of its intention so to do, and require them to appear forthwith before the board and make objections, if any they

had. (C. S., sec. 3160.) Such notices were served, but none of them until after the third Monday of July. As to three of the parties appellant, the board did not first move to increase the valuations of their property prior to July 19, 1923, three days after the statutory date for the completion of such business and adjournment, and notices to these parties of the proposed increases were not served until July 21, 1923, which was the Saturday following the third Monday of July in that year. After all of the appellants had, with one exception, appeared before the board by personal representatives and protested, or filed written objections, to the proposed increases, the board of equalization, on July 23, 1923, or the fourth Monday of that month in said year, entered its final order equalizing the assessments of all the parties appellant and effecting the increases complained of.

Appellants contend that the orders of the county board of equalization made after the third Monday of July are void, being made after that body ceased legally to exist, since, by C. S., sec. 3152, as amended, it is mandatory upon the board to adjourn on that day. The contention of respondents is that the provisions of C. S., sec. 3152, as amended, are directory only as to time of adjournment, and that the increases made after the statutory period are, therefore, legal; that under our statutes, where a public officer or board fails to perform his or its duty in the assessment, collection or equalization of taxes according to the procedure provided for the orderly conduct of public business, such failure to act within the time prescribed is not fatal, but is a mere irregularity, unless the taxpayer has been prejudiced or is unable to protect his rights by reason of the delay.

There is no contention made that the board did not meet as a board of equalization on the fourth Monday of June and that it did not remain in session continuously up to and including the third Monday of July for the purpose of equalizing assessments of property entered upon the real property assessment-roll and determining complaints

in regard to the assessment of such property, and otherwise performing, up to and including the third Monday of July, the duties imposed upon it under the constitution and statutes of the state; but the point is sought to be made that by reason of the fact that the board did not adjourn on the third Monday of July but continued in session for the purpose of equalizing assessments after that date, its orders made subsequent to the third Monday of July are absolutely void and of no force or effect. Neither is there any contention that this invalidity arose by reason of an excessive valuation of appellant's property or that a full and complete hearing was not had for the purpose of equalizing the assessments of their property to the end that they should bear no greater, or less, burden of taxation than other taxpayers.

In order to set aside the orders of the board of equalization complained of, we must conclude that the statute is mandatory, that it must be strictly construed, that on the third Monday of July, 1923, the board of equalization ceased, *ipso facto*, to exist, and that whatever assessments had not, between the fourth Monday of June and the third Monday of July, 1923, been equalized, no matter for what reason, could not thereafter be equalized.

[2] That the board of equalization is a separate and distinct body from that of the board of county commissioners —although both boards are made up of the same individuals—whose duties and powers are different, will be readily conceded; but we are not prepared to hold that the mode of procedure for carrying out their duties is to be so strictly limited and construed as to defeat the purposes of their creation. The board of equalization is a constitutional body, created for the purpose of equalizing the values of property subject to taxation, to the end that no taxpayer be discriminated against and that all property owners bear a just, fair and equal proportion of the expense of government. Its powers to reduce valuations are coextensive with its powers to increase valuations.

There are cases which bear out appellants' contention that, under statutory provisions similar to the one here under consideration, time is of the essence of the statute and that when the time limited has expired, authority to act under the statute is at an end, and any act done afterward is void. Upon the other hand there are many well-considered authorities that hold directly to the contrary, and particularly is this true where the statutes do not contain negative terms. (See Black on Interpretation of Laws, 2d ed., pp. 526, 545, 549; 2 Lewis' Sutherland on Statutory Construction, secs. 611, 612, 618, p. 1114 et seq.; Endlich on Interpretation of Statutes, sec. 436, p. 618; 2 Cooley on Taxation, 4th ed., p. 1133 et seq.; 36 Cyc. 1158; 26 Am. & Eng. Ency. of Law, 689; 25 R. C. L., pp. 767, 769, 771; 26 R. C. L., p. 355; *French v. Edwards,* 80 U. S. (13 Wall.) 506, 20 L. ed. 702; *Erhardt v. Schroeder,* 155 U. S. 124, 15 Sup. Ct. 45, 39 L. ed. 94; *Walker v. Edmonds,* 197 Pa. 645, 47 Atl. 867; *State v. Backus-Brooks Co.,* 102 Minn. 50, 112 N. W. 863; *State v. Cudahy Packing Co.,* 103 Minn. 419, 115 N. W. 645, 1039; *State v. Zillmann,* 121 Wis. 472, 98 N. W. 543; *State v. West Duluth Land Co.,* 75 Minn. 456, 78 N. W. 115; *Birmingham Building & Loan Assn. v. State,* 120 Ala. 403, 409, 25 So. 52; *Prairie Oil & Gas Co. v. Cruce,* 45 Okl. 774, 147 Pac. 152; *Baker v. Paxton,* 29 Wyo. 500, 215 Pac. 257; *Tallon v. Vindicator Consol. Gold Mining Co.,* 59 Colo. 316, 149 Pac. 108; *Allen v. Lewis,* 26 Wyo. 85, 177 Pac. 433; *Rural H. S. Dist. 93 v. Raub,* 103 Kan. 757, 176 Pac. 110; *Espalla v. Mobile County,* 15 Ala. App. 443, 73 So. 761; *Co-operative etc. Assn. v. Green,* 5 Ida. 660, 665, 51 Pac. 770; *Murphy v. Board of Equalization,* 6 Ida. 745, 59 Pac. 715; *Inland Lumber etc. Co. v. Thompson,* 11 Ida. 508, 516, 114 Am. St. 274, 7 Ann. Cas. 862, 83 Pac. 933; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Idaho Ry., L. & P. Co. v. Monk,* 218 Fed. 682.) We therefore have a situation, under such statutes, where there is a strict construction and a liberal construction, both where there are words of negation and where there are none. There are cases which hold statutes similar to the one here for construction were enacted

for the protection of the taxpayer, and cases holding that such statutes were enacted for the benefit of the public.

[3] In *People v. Moore,* 1 Ida. 662, 671, it was said, in the course of the opinion: ''The general rule of construction, as applied to statutes relating to the assessment and collection of taxes, is that what the law requires to be done for the benefit or protection of the taxpayer is mandatory, and cannot be considered as directory merely.'' The converse would also be true,—that what the law requires to be done for the benefit of the public need not be considered other than directory. The rule in this state is that our statutes are to be liberally construed, with a view to effect their objects and to promote justice. (C. S., sec. 9444.)

[4] Conceding that the words of the statute (C. S., sec. 3152, as amended) are mandatory in form, it does not necessarily follow that the statute is subject to a strict construction and that the mandatory words alone govern. In other words, a statute may be mandatory in form, but if it is not clear that it was the intention of the legislature that it should be so construed, courts may construe the mandatory words to be directory only. The meaning and intention of the legislature must govern, and such intention may be ascertained not only from the phraseology of the provision but also by considering its nature, its design, and the consequences which would follow from construing it one way or the other. (Black on Interpretation of Laws, 2d ed., sec. 152; 36 Cyc. 1157.) If the history of legislation in this state clearly shows that the legislature intended that words in a statute should be construed as directory rather than mandatory, courts will not be limited in their construction of a statute to its form, but will rather look to its substance.

From an examination of the revenue laws of this state as far back as 1863–64 and down to and including the statute before us for consideration, it is apparent that the legislature amended the various acts at divers times, changing the meeting date of county boards of equalization and the date when they should adjourn. It is clear from a study of these various acts and amendments thereto, as to the times when the boards of equalization should meet and when they

should adjourn, that they were not enacted for the benefit of the taxpayer but were to enable the boards to complete their work in the matter of equalization of taxes within a prescribed period and deliver the tax-rolls to the county auditors so as to afford the latter sufficient time to make up and deliver an abstract of the rolls to the state auditor. In other words, the legislature had in view that the public business be orderly transacted between the county boards, the county auditors, and the state auditor.

It will be observed that the statute does not provide that the equalization of assessments subsequent to the third Monday of July shall be void. The statute does provide that the board of equalization may adjourn at any time prior to the third Monday of July if it has completed all of the business as a board of equalization,—conveying no other meaning than that it was the purpose of the legislature to have the board meet on a day certain for the purpose of equalizing assessments of property upon the real property assessment-roll, and that an adjournment might be had prior to the third Monday of July if such business was completed, and the clear inference being that if there was business before it which had not been completed on that date, such business might be transacted. To carry out the intention of the legislature the provision of the statute with reference to the time of adjournment should receive a reasonable construction, and a reasonable construction would seem to be that, although a time is fixed for the adjournment of the board, time is not of the essence of the statute. We do not wish to be understood as holding that a county board of equalization might meet at any time or continue in session for an indefinite period. The tax-roll must be delivered by the board of county commissioners to the county auditor on the fourth Monday of July, and the county auditor must prepare an abstract thereof and deliver the same to the state auditor on or before the first Monday of August. (C. S., secs. 3163, 3164.) If the board of equalization completes its business on or before the date it is required to relinquish jurisdiction by delivering the tax-roll to the county auditor, then its acts are valid, and no injury is done

the taxpayer, provided he has an opportunity to appear and be heard before that date.

The judgment is affirmed. Costs to respondents.

Taylor and T. Bailey Lee, JJ., concur.

Givens, J., disqualified.

Wm. E. Lee, C. J., dissents.