788 P.2d 250

**Steven D. KUKURUZA,
Plaintiff–Appellant,**

v.

**F.E. STALDER, Sheriff of Kootenai County; Terrance W. Hannon, William Lytle and Jim Shepard, as Commissioners for the Kootenai County Merit Commission, Defendants–Respondents.**

**No. 18112.**

Court of Appeals of Idaho.

March 5, 1990.

---

Harvey Richman, Coeur d'Alene, for plaintiff-appellant.

William J. Douglas, Kootenai County Pros. Atty., Coeur d'Alene, for respondents. Susan E. Weibe argued.

WALTERS, Chief Judge.

In this appeal, we are asked to determine whether Steven Kukuruza, a former Kootenai County Deputy Sheriff, should be restored to his job because the county's Merit Commission failed to hold a timely hearing on his appeal from an order of termination.

For the reasons explained below, we hold that the Merit Commission did not lack jurisdiction to conduct a belated hearing, but that Kukuruza is entitled to receive his salary during the period of delay. We therefore affirm, as modified, the order of the district court dismissing Kukuruza's complaint for writ of mandate, and remand this case for a determination of the proper compensation.

The salient facts of this case are as follows. Kukuruza was terminated from his position as a deputy with the Kootenai County Sheriff's Department (Department). Pursuant to the Kootenai County Merit System Ordinance and the Department's Office Policy and Procedures Manual (Office Manual), Kukuruza made a timely request for a review hearing before the county's Merit Commission. Although the ordinance required a hearing within ten days, the Merit Commission scheduled Kukuruza's hearing to be held approximately one month after his request. Shortly before the hearing, Kukuruza filed a complaint in district court seeking an order in the nature of a writ of mandate: (1) enjoining the Merit Commission from holding any hearing; (2) directing the Commission to rule that Kukuruza's termination was unjustified as a matter of law, requiring reinstatement; and (3) reinstating Kukuruza "with all past pay and allowances." Kukuruza based his request on the ground that, because the hearing was not scheduled within the ten-day time limit specified in the ordinance and the Office Manual, the Merit Commission lacked jurisdiction to entertain his appeal.[1] In the meantime, the Merit Commission conducted its hearing, under protest from Kukuruza, and upheld the sheriff's termination decision. When Kukuruza later moved for summary judgment in this action, the district court dismissed his complaint, holding that the Merit Commission did not lack jurisdiction to review

---

1. The complaint contained apparent inconsistencies—e.g., its request for a writ of *mandate* "enjoining" the Merit Commission from acting, and its allegations that the Commission lacked jurisdiction yet should be directed to reinstate Kukuruza. Such confusion may have stemmed in part from the county ordinance, which provided for an "appeal" from an adverse personnel action taken by a department, yet also characterized the matter before the Merit Commission as an "accusation." Thus, Kukuruza's attorney may have been unsure of the status of departmental action during the pendency of Commission review.

the sheriff's termination of Kukuruza's employment. This appeal followed.

Kukuruza argues that the review process outlined in the ordinance and the Office Manual requires that the Merit Commission hold its review hearing within ten days after the notice of appeal is given. Kukuruza submits that the provisions of the review process must be given a mandatory interpretation requiring the Merit Commission to hold its hearing within the prescribed time limit or lose its jurisdiction to entertain the appeal. *See Ursino v. Superior Court, in and for the City and County of San Francisco,* 39 Cal.App.3d 611, 114 Cal.Rptr. 404, 410 (1974) (review board has no jurisdiction to decide an appeal from issuance of a building permit after expiration of forty-day time limit within which the board must hold hearing). In sum, Kukuruza contends that, because the Merit Commission failed to follow the mandatory procedure in the ordinance, he is entitled to reinstatement with the Department.

■ On appeal from a summary judgment, our standard of review is well settled. We first determine whether a genuine issue of material fact exists; here the facts are undisputed. The next question is whether the prevailing party below was entitled to judgment as a matter of law. On that question, we exercise free review.

■ The provisions of the Office Manual pertinent to this appeal are based upon Kootenai County Ordinance 55, which establishes a merit system of employment for sheriff's deputies employed by the county. Section 11 of the ordinance, dealing with appeal of disciplinary actions, states:

> ... within ten (10) days of [the deputy's] receipt of the charges and disciplinary action, the commission shall set a date for a public hearing. The date of the hearing *shall not exceed ten (10) days* from the commission's receipt of the request for a hearing, except that the employee may waive this time limit. [Emphasis added.]

The plain language of the ordinance appears to obligate the Merit Commission to conduct its appeal hearing within the ten-day limit.[2] Since the Commission did not hold a hearing within the ten-day period, Kukuruza has taken the position that the Merit Commission lacked jurisdiction to entertain his appeal. However, the district court concluded the ordinance is ambiguous because it does not describe what action, if any, the Merit Commission must take once the ten-day time limit has expired. Relying on *Overland Co. v. Utter,* 44 Idaho 385, 394–95, 257 P. 480, 482–83 (1927), the district court held that, even though the wording of the ordinance was mandatory in form, it should be given a "directory" interpretation thus enabling the Merit Commission to conduct its hearing after the ten-day time limit. The court reasoned that, because the county's intent in passing the ordinance was to provide for a system of hiring, promoting, and expeditious disciplining or terminating of sheriff's deputies, nothing would be gained by prohibiting the Merit Commission from retaining its jurisdiction to hear Kukuruza's appeal.

In *Overland Co. v. Utter, supra,* the Idaho Supreme Court held that even though the words of a statute governing a county board's authority to equalize property values for tax purposes were mandatory in form, it did not necessarily follow that the statute was subject to a strict and literal construction. 44 Idaho at 394, 257 P. at 483. Rather, the Court stated that when it is not clear whether the legislature intended the statute to be so construed, courts may interpret the mandatory words to be directory only. *Id.* The Court went on to note that the meaning and intention of the legislature must govern, and such intention may be ascertained not only from the phraseology of the statute, but also by considering its nature, its design and the consequences which would follow from construing the statute one way or the other. *Id.*

2. As originally adopted, the ordinance did not contain the ten-day limit; instead the ordinance simply required a hearing before the Merit Commission "within a reasonable time." The ten-day limit was subsequently inserted by amendment by the Board of County Commissioners.

In this case, we conclude that, in adopting the ordinance, it was not the county's intention to deprive the Merit Commission of its jurisdiction to entertain appeal proceedings upon expiration of the ten-day limit. Our reading of the ordinance indicates that it was established to provide a comprehensive employment system for sheriff's employees. Included in the ordinance are provisions pertaining to the rights and duties of classified employees, establishment of criteria for appointment and promotion, and a process for disciplining or terminating employees, including an appeal procedure. The stated purpose of the ordinance is to "raise the standards and efficiency" of law enforcement in the county. Furthermore the drafter of the original ordinance—a former prosecuting attorney for the county, whose testimony was presented by deposition in this action—indicated that the statute was intended to protect the deputies from being arbitrarily treated with respect to merit promotions, discipline or termination from employment. We think it incongruous to suggest that the ordinance's review process—established to protect the deputies—could be defeated simply by expiration of the statutorily imposed ten-day time limit. To the contrary, we believe that the intent of the ordinance may best be served by permitting the Merit Commission to exercise its review of disciplinary proceedings beyond the ten-day limit. We therefore hold that the language of the ordinance pertaining to the appeal procedure before the Merit Commission should be given a directory interpretation, granting that body the jurisdiction to entertain Kukuruza's appeal even though the ten-day time limit has expired.

In reaching our conclusion, we do, however, disagree with the district court's decision to deny Kukuruza any remedy for the Merit Commission's failure to give him a timely review. In his memorandum decision and order, the district judge concluded that Kukuruza had not been harmed by the delay. We believe otherwise. The ordinance grants a clear right to a hearing within ten days. Although a violation of that right does not divest the Commission of jurisdiction, it does not follow that the violation is harmless or wholly lacking in a remedy. It is undisputed that Kukuruza was unpaid from the time his hearing should have taken place until the time the Merit Commission actually held its appeal hearing. Had Kukuruza received a timely appeal hearing, he would have been free to pursue other career opportunities at an earlier date, or possibly would have been returned to his position with full pay. Under either scenario, he was deprived, during the delay period, of a final administrative determination of his employment status.

We conclude that Kukuruza should be compensated for this time period. As noted earlier, in addition to other relief sought in his complaint, Kukuruza prayed for recovery of "past pay and allowances." By affording this limited relief for the period of delay, we believe that the intent of the ordinance will be maintained. The result will provide an incentive for the Merit Commission to take immediate action upon an aggrieved deputy's request for review, while at the same time protecting the deputy's economic interest in continuing his employment during the time required for the Commission to hear his or her appeal.

Accordingly, we affirm, as modified, the district court's order dismissing Kukuruza's request for a writ of mandate. We remand this case for the district court to determine the proper compensation and to direct payment by the county. Kukuruza's termination shall not be affected. Because this appeal has produced a mixed result, we award no costs or attorney fees on appeal.

BURNETT, J., and BAIL, J., pro tem., concurs.