**Fred HANSEN, Joanne Hansen, Daryl Sparks and Betty Tueller, Plaintiffs–Appellants,**

**v.**

**Randall WHITE and Bear Lake County, Defendants–Appellees.**

**No. 85–4202.**

United States Court of Appeals, Ninth Circuit.

Argued Aug. 5, 1986.

Submission Deferred by Order of the Court Aug. 15, 1986.

Resubmitted by Order of the Court Aug. 22, 1989.

Oct. 28, 1991.

Ronald S. George, Morgan & George, Pocatello, Idaho, for plaintiffs-appellants.

David H. Maguire, Maguire, Ward, Maguire & Bybee, Pocatello, Idaho, for defendants-appellees.

Before POOLE, NORRIS and BEEZER, Circuit Judges.

POOLE, Circuit Judge:

Appellants Fred Hansen, Joanne Hansen, and Betty Tueller were employees of the Bear Lake County Sheriff's Department. Upon the election of a new sheriff in 1983, appellants were given written notice that they were being terminated. Appellants brought suit in federal district court under 42 U.S.C. § 1983 charging that their terminations were in retaliation for their support of another sheriff candidate and that they were not afforded procedural due process in the form of a hearing prior to being fired. Pendent to their federal claims, appellants brought a cause of action for breach of contract under Idaho state law. On the second day of trial the district court granted summary judgment in favor of defendants Bear Lake County and its sheriff Randall White on the due process claim and the state contract claim. Appellants' remaining claim that they were terminated in retaliation for exercising their First Amendment rights was tried and submitted to the jury, which returned a verdict in favor of the defendants.

Following oral argument before this Court, we certified certain questions concerning the interpretation of Idaho law to the Idaho Supreme Court pursuant to Idaho App.R. 12.1(a)(1)(2) (Supp.1986). In light of the Idaho Supreme Court's answer, set forth in *Hansen v. White*, 114 Idaho 907, 762 P.2d 820 (1988), we now reverse in part, vacate in part and remand.[1]

## A. THE DUE PROCESS AND BREACH OF CONTRACT CLAIMS

The trial court dismissed appellants' federal due process and state breach of contract claims, holding that as a matter of Idaho law, county commissioners had no power to bind sheriffs to a merit system. The Idaho Supreme Court, however, held that "the board of county commissioners has the statutory authority to create a reasonable county merit system, and such an act is a valid legislative exercise of its express power to promote the general welfare of the county." *Hansen*, 762 P.2d at 824. The Idaho Supreme Court went on to hold that such a merit system, so long as it is "reasonable under the circumstances," does not violate "the sheriff's constitutional right to appoint deputies." *Id.* at 821, 828. We therefore reverse as to this holding, and remand for a new trial.

The trial court also held that, in the alternative, these claims as made by appellants Fred and Joanne Hansen would still fail since they had not completed the twelve-month probationary period required by the handbook prior to being terminated. Appellants argued that this requirement had been waived, but the court further found that even if the provision could be

---

1. For a fuller statement of the facts and proceedings in this case, see *Hansen*, 762 P.2d at 821–823.

waived, it could not be waived by an outgoing sheriff thereby forcing an incoming sheriff to accept deputies not of her choosing.

In light of the Idaho Supreme Court's decision in *Hansen,* however, the premise supporting the district court's decision is no longer tenable. It is clear that an incoming sheriff *can* be forced to accept deputies not of her own choosing. Whether the waiver of the probationary period was, in fact, valid is a separate issue.

The plain language of the probation provision in the personnel handbook suggests that the probationary period is mandatory: "[a]ll non-elected hired employees *shall* be appointed on a probation period of twelve (12) months." (Emphasis added). The handbook is not, however, free of ambiguity. Elsewhere it provides for a change of employment to merit covered status "via agreement between employees and either department heads or the County Commissioners." Appellants, in support of their position that the language of the handbook at issue need not be treated as mandatory, also point to a practice, apparently accepted by the Commissioners, of honoring shortened probationary periods.

■ We review the trial court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the appellants, there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Cas. Co.,* 873 F.2d 1338, 1339–1340 (9th Cir.1989). We do not believe that the court was justified in holding as a matter of law that a sheriff lacked authority to waive the probationary period. Idaho courts have construed ostensibly mandatory language as merely directory when such a reading would best achieve the intention of a County Commission in drafting its personnel manual. Intention "may be ascertained not only from the phraseology of the statute, but also by considering its nature, its design and the consequences which would follow from construing the statute one way or the other." *Kukuruza v. Stalder,* 117 Idaho 435, 788 P.2d 250, 252 (App.1990) (interpreting mandatory language in county sheriff's office manual). This necessarily involves a factual determination, the resolution of which depends on facts which were still in dispute between the parties. We therefore reverse on this ground also.

## B. THE FIRST AMENDMENT CLAIM

■ In *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the Supreme Court developed the following three part test for determining whether an employee was terminated in retaliation for the exercise of First Amendment rights:

1. the plaintiff must show that the relevant conduct was constitutionally protected; and

2. the plaintiff must show that the conduct was a "substantial" or "motivating" factor in the decision to terminate. If the plaintiff meets this burden, then

3. the defendant must show by a preponderance of the evidence that the same decision as to the plaintiff's employment would have been reached even in the absence of the protected conduct.

The jury in this case found that the plaintiffs' protected conduct was a substantial and motivating factor in the decision to terminate them, but also concluded that the defendants would have reached the same decision to terminate even in the absence of the protected conduct. Plaintiffs argue on appeal that the dismissal of their due process and breach of contract claims prejudiced their First Amendment claim. They contend that the jury's verdict was tainted by the court's instruction to the jury that an incoming sheriff, as a matter of law, has the right to replace any employees at will.

■ We agree. We note that under applicable Idaho law, had the jury been instructed that the plaintiffs could only have been terminated for good cause, the defendants would have borne the additional burden of proving the existence of such good cause. *Rosecrans v. Intermountain Soap & Chem. Co.,* 100 Idaho 785, 605 P.2d 963, 965 (1980). Although it is with great reluc-

tance that we reverse a jury verdict, where the trial court has incorrectly stated the law to the prejudice of a party, we cannot let the verdict stand. *Kisor v. Johns–Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir. 1986). In a civil case, we will reverse if the erroneous statement of law was more probably than not harmful. *Benigni v. City of Hemet,* 879 F.2d 473, 479 (9th Cir.1988).

In this context, we cannot say with any certainty that the jury, properly instructed, would have found that the plaintiffs would have been terminated under a "good cause" standard even in the absence of their protected activity. In light of the jury's explicit finding that plaintiffs' protected activity was a substantial and motivating factor in their termination, however, it seems more probable than not that plaintiffs were prejudiced by the jury's reliance on the court's erroneous statement of law.

If on remand it is determined, consistent with this opinion, that a reasonable merit system was established in the Bear Lake County Sheriff's office, then it will be necessary to retry the third step of the *Mt. Healthy* test. In such a case, defendants will bear the burden of showing that good cause existed for plaintiffs' termination, and that plaintiffs would have been terminated even in the absence of their protected conduct.[2]

The grant of summary judgment as to the plaintiffs' due process and state breach of contract claims is REVERSED. The jury's verdict on the plaintiffs' First Amendment claim is VACATED. The case is REMANDED for further proceedings consistent with this opinion.

---

2. Because we vacate the jury's verdict on these grounds, we need not consider the other arguments made by plaintiffs on appeal.